**UNITED STATES of America,**
**Appellee,**

v.

**Ruth Estela ISAZA and Maria Victoria Isaza, Appellants.**

**No. 368, Docket 71–1550.**

(Reporting Services Requested to Publish Headnote Only)

United States Court of Appeals, Second Circuit.

Argued Jan. 6, 1972.

Decided Jan. 19, 1972.

Before HAYS, FEINBERG and MANSFIELD, Circuit Judges.

**Calvin SIMS et al., Plaintiffs-Appellants,**

v.

**PARKE DAVIS & COMPANY, a Michigan Corporation, et al., Defendants-Appellees.**

**No. 71–1170.**

United States Court of Appeals, Sixth Circuit.

Oct. 26, 1971.

Certiorari Denied March 6, 1972.
See 92 S.Ct. 1196.

Robert L. Segar, Flint, Mich., Leitson, Dean, Dean, Segar & Hart, P. C., Flint, Mich., on the brief, for appellants.

Timothy K. Carroll, Wolfgang Hoppe, Detroit, Mich., Miller, Canfield, Paddock & Stone, Detroit, Mich., on the brief, for Parke Davis and Co.

Dykema, Gossett, Spencer, Goodnow & Trigg, by James D. Tracy, Timothy K. Carroll, Detroit, Mich., for Upjohn Co.

Frank J. Kelley, Atty. Gen. for State of Michigan, Robert A. Derengoski, Sol. Gen., Solomon Bienenfeld, Asst. Atty. Gen., Lansing, Mich., on the brief for Attorney General of the State of Michigan.

ORDER

Before McCREE, BROOKS and KENT, Circuit Judges.

PER CURIAM.

This action was brought as a class action in the District Court for the Eastern District of Michigan, Southern Division. The plaintiffs-appellants are present and former inmates at the State Prison of Southern Michigan seeking additional recovery for their labor in drug clinics operated on the prison grounds by two of the defendants-appellees, Parke Davis & Company and The Upjohn Company. Plaintiffs' claims are based primarily on their contentions that (1) they are entitled to recover from the defendant drug companies the difference between the compensation they received for their work and the minimum wage prescribed by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; (2) or otherwise, they are entitled to recover the difference between the compensation received and the minimum wage as prescribed by the Michigan Minimum Wage Law of 1964, Mich.Com.Laws § 408.381. Also, they claim the drug companies have been unjustly enriched by the illegal use of their services for which the plaintiffs should recover on a quantum meruit basis, and further, that they are entitled to damages for various alleged constitutional deprivations.

The District Court, in a detailed and comprehensive opinion, refused to permit the action to be maintained as a class action and granted summary judgment denying all relief sought by the plaintiffs. Upon our consideration of the record, the briefs and oral arguments of the parties, it is concluded that the judgment of the District Court should be affirmed for the reasons stated by Chief Judge Ralph M. Freeman in his opinion reported in 334 F.Supp. 774 (1971).

It is so ordered.