**Robert WENTWORTH, on behalf of himself and all others so confined, Appellant,**

v.

**Herman SOLEM, acting Warden, South Dakota State Penitentiary, et al., Appellees.**

**No. 76–1717.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 8, 1977.

Decided Feb. 8, 1977.

---

Robert Wentworth, pro se.

William J. Janklow, Atty. Gen., and Doyle D. Estes, Asst. Atty. Gen., Pierre, S.D., on brief for appellees.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Robert Wentworth, an inmate at the South Dakota State Penitentiary at Sioux Falls, South Dakota, filed a complaint against state prison officials alleging various illegalities in the operation of prison industries.

The complaint alleged that Wentworth was a former convict-employee of the prison bookbinding shop; that the defendants had allowed goods manufactured by convicts in the prison bookbindery to be transported in interstate commerce, in violation of 18 U.S.C. § 1761;[1] that the defendants had failed to clearly mark the goods so transported as being manufactured by convicts, in violation of 18 U.S.C. § 1762;[2] and

---

1. 18 U.S.C. § 1761 provides:

   (a) Whoever knowingly transports in interstate commerce or from any foreign country into the United States any goods, wares, or merchandise manufactured, produced, or mined, wholly or in part by convicts or prisoners, except convicts or prisoners on parole or probation, or in any penal or reformatory institution, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

   (b) This chapter shall not apply to agricultural commodities or parts for the repair of farm machinery, nor to commodities manufactured in a Federal, District of Columbia, or State institution for use by the Federal Government, or by the District of Columbia, or by any State or Political subdivision of a State.

Wentworth also relies on 49 U.S.C. § 60 with respect to the claim set forth above. That provision, however, merely provides for early divestment of the interstate character of prison made goods in order to allow state regulation of such goods, and, as such, has no relevance to Wentworth's claim.

2. 18 U.S.C. § 1762 provides:

   (a) All packages containing any goods, wares, or merchandise manufactured, produced, or mined wholly or in part by convicts or prisoners, except convicts or prisoners on parole or probation, or in any penal or reformatory institution, when shipped or transported in interstate or foreign commerce shall be plainly and clearly marked, so that the name and address of the shipper, the name and address of the consignee, the nature of the contents, and the name and location of the penal or reformatory institution where produced wholly or in part may be readily ascertained on an inspection of the outside of such package.

   (b) Whoever violates this section shall be fined not more than $1,000, and any goods, wares, or merchandise transported in violation of this section or section 1761 of this title shall be forfeited to the United States, and may be seized and condemned by like proceedings as those provided by law for the

that the defendants had violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the equal protection clause, U.S. Const. amend. XIV, by failing to pay convict-employees of the bookbindery the federally prescribed minimum wage. Wentworth sought compensatory and punitive damages, and declaratory and injunctive relief.[3]

The district court construed 18 U.S.C. §§ 1761–62 as excepting goods made by convicts in a penal institution from their coverage. It further concluded that in view of the Supreme Court's recent decision in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), Wentworth's minimum wage allegations failed to state a claim. Accordingly, it dismissed the complaint. This appeal followed. We affirm.

■ We need not consider the propriety of the district court's construction of 18 U.S.C. §§ 1761–62 because we find that Wentworth cannot predicate a private claim on those statutes. Sections 1761–62 are criminal statutes and do not expressly create a private right of action. In determining whether a private remedy is implicit in a statute not expressly providing one the Supreme Court finds several factors to be relevant. Factors to be considered include: whether the plaintiff is one of the class for whose especial benefit the statute was enacted; whether there is any indication of legislative intent to create or deny such a private remedy; whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy; and whether the cause of action is one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

■ Sections 1761–62 embody Congressional interest in free labor and were designed to protect private business from competition from goods produced with inexpensive convict labor. *Kentucky Whip & Collar Co. v. Illinois Cent. R. R. Co.*, 299 U.S. 334, 351, 57 S.Ct. 277, 81 L.Ed. 270 (1937). Reviewing the *Cort v. Ash, supra*, factors in these circumstances, we conclude that Wentworth, a state prisoner, has no private remedy under these statutes.

Wentworth predicates his claim that he is entitled to the federal minimum wage on the 1974 amendments to the Fair Labor Standards Act, which extended the applicability of the minimum wage law to state employees. *See* 29 U.S.C. § 203(e)(2)(C). He contends that he is a state employee within the meaning of the Act.

■ We are doubtful that Congress, by the 1974 amendments, intended to extend the coverage of the minimum wage law to convicts working in state prison industries. Moreover, any attempt to so extend the coverage would be void under the Supreme Court's recent holding that Congress may not constitutionally prescribe a minimum wage for state employees where to do so would "operate to directly displace the States' freedom to structure integral operations in areas of traditional government functions . . . ." *National League of Cities v. Usery, supra*, 96 S.Ct. at 2474. Wentworth's claim that the failure to pay convict workers a minimum wage violates the equal protection clause also lacks merit. *Cf. Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968). Accordingly, the district court properly rejected Wentworth's minimum wage claim.

The judgment of the district court is affirmed.

---

seizure and forfeiture of property imported into the United States contrary to law.

**3.** Wentworth's complaint asserted a number of additional related claims grounded in various provisions of state and federal law; however, he appears to have abandoned those claims on appeal. In any event, we perceive no merit in those claims.