Emerson EMORY, M.D.

v.

The UNITED STATES.

No. 374–82C.

United States Claims Court.

June 8, 1983.

Emerson Emory, pro se.

Robert A. Reutershan, Washington, D.C., for defendant; Asst. Atty. Gen. J. Paul McGrath, David M. Cohen, Thomas W. Petersen, and Dorris Page, Office of the General Counsel, Bureau of Prisons, Washington, D.C., of counsel.

## OPINION

### ON DEFENDANT'S MOTION TO DISMISS

WHITE, Senior Judge.

The complaint in this case asserts that the plaintiff is "a prisoner of the United States presently incarcerated at the Federal Correctional Institution, Fort Worth, Texas," and that, since August 1981, he "has been employed by the Defendant at rates below the minimum rates guaranteed by the laws of the United States and protected by the 14th amendment of the Constitution."

It appears from the papers in the record that the plaintiff, while imprisoned, has been assigned to do work in connection with the Federal Prison Industries program, and that he has not received the minimum wages prescribed under the Fair Labor Standards Act of 1938 for the type of work that he performed. The plaintiff asks the court "to find the Defendant in violation of the Fair Labor Standards Act and the Minimum Wage Laws and order compensation to the Plaintiff for time employed."

The defendant has filed a motion for a court order dismissing the action on the ground that the complaint fails to state a claim upon which relief can be granted.

As indicated by the plaintiff, the Fair Labor Standards Act of 1938 is applicable to "any individual employed by the Government of the United States" (29 U.S.C. § 203(e)(2)(A) (1976)). The act, however, is not applicable to the plaintiff.

Prisoners are not employees, within the meaning of the Fair Labor Standards Act of 1938. *Alexander v. Sara, Inc.,* 505 F.Supp. 1080, 1081 (M.D.La.1981),[1] and cases cited. In particular, a person claiming compensation as an employee of the United States must show that he or she has rendered service under an appointment to a federal position made by a government official authorized to make the appointment. *Baker v. United States,* 222 Ct.Cl. 263, 272, 614 F.2d 263, 268 (1980). The plaintiff does not purport to seek compensation for work done under a federal appointment. Rather, according to the complaint, the plaintiff is serving a prison sentence pursuant to a criminal conviction, he has been assigned by prison authorities to perform duties in connection with the Federal Prison Industries program, and he complains that, for such work, he has not received compensation equal to the minimum wages prescribed under the Fair Labor Standards Act of 1938.

The plaintiff is not a government employee, and he has not asserted a claim that is within the scope of the Fair Labor Standards Act of 1938.

It should be noted that the Congress, in 18 U.S.C. §§ 4121–4128 (1976), has enacted specific legislation whereby all physically fit inmates of federal prisons may be provided employment. Thus, even if the general language in the Fair Labor Standards Act of 1938 might otherwise be construed as covering federal prisoners, the specific language on the employment of federal prisoners found in 18 U.S.C. §§ 4121–4128 would preclude the application to them of the general language found in the Fair Labor Standards Act of 1938. *Cf. United States v. Demko,* 385 U.S. 149, 152, 87 S.Ct. 382, 384, 17 L.Ed.2d 258 (1966); *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974).

References by the plaintiff in the record to the fourteenth and thirteenth amendments to the Constitution are not fully explained as regards their supposed applicability to the present case. In one instance, however, the plaintiff indicates that when a prisoner is required to do any work, as distinguished from merely spending time in prison, this amounts to "slave labor." Of course, the thirteenth amendment, in abolishing slavery and involuntary servitude, specifically adds the phrase, "except as a punishment for crime whereof the party shall have been duly convicted," which covers the plaintiff's situation.

### Conclusion

For the reasons stated in the opinion, the defendant's motion to dismiss is granted.

The complaint will therefore be dismissed.

IT IS SO ORDERED.

---

1. The *Alexander* case involved state prisoners, but the same principle is pertinent in a case involving a federal prisoner.