George ALEXANDER, et al.,
Plaintiffs-Appellants,

v.

SARA, INCORPORATED and Dr. Harry
L. Shaheen, Defendants-Appellees.

No. 83–3227
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1983.

Beard & Shea, John R. Shea, Baton Rouge, La., for plaintiffs-appellants.

Winfield E. Little, Jr., Lake Charles, La., for defendants-appellees.

Before BROWN, TATE and HIGGIN-BOTHAM, Circuit Judges.

PER CURIAM.

The issue presented by this appeal is whether inmates at a state penitentiary, who perform work for a profit-making private entity conducting operations on prison grounds, are as to that private company within the coverage of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("the Act") and thus entitled to be paid minimum wages by it for their services performed for it. The plaintiffs appeal from dismissal of their suit upon summary judgment. 559 F.Supp. 42 (M.D.La.1983). We affirm.

The factual circumstances, briefly, are that the state Department of Corrections entered into a contract with the defendant Sara, Inc.,[1] by which Sara established a blood-plasma program on penitentiary grounds. Under the terms of the agreement, the inmates are compensated at the rate of three dollars per day, which Sara pays to the state agency, which in turn deposits the amounts earned to the individual inmate's prison account. Under the contract, although the state agency reserved the right to veto the assignment of inmates to work in the plasma laboratory, the inmates were engaged by Sara and worked under its direct supervision, with the agency responsible only for security at the facility. The inmates so engaged

---

1. Also joined as defendant was the company's president, Dr. Shaheen, who under the Act can be held personally liable for unpaid minimum wages.

**150**

worked at sanitation and clean-up, helped to prepare donors and extract blood, and performed clerical duties.

The Act defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The term "employ" is defined as including "to suffer or permit to work." 29 U.S.C. § 203(g). On the surface, at least, Sara's relationship with the inmates appears to have all the characteristics of an employment relationship, even though the state agency had the ultimate authority over the inmates. *See, e.g., Castillo v. Givens,* 704 F.2d 181, 188–92 (5th Cir.1983).

The district court concluded that, nevertheless, the inmates were not covered by the Act. The essential reasons for its conclusion were (a) that there was no employer-employee relationship, because the inmates' labor belonged to the penitentiary, which was the sole party to the contract with Sara, and (b) that the Congressional concern in enacting the Act was with the standard of living and general well-being of the worker in American industry, so that the extension to the prison inmate was not legislatively contemplated.

This conclusion is in accord with all the sparse prior decisions on the issue: *Huntley v. Gunn Furniture Co.,* 79 F.Supp. 110 (W.D.Mich., 1948); *Hudgins v. Hart,* 323 F.Supp. 898 (E.D.La.,1971); *Sims v. Parke Davis & Co.,* 334 F.Supp. 774 (E.D. Mich.,1971), aff'd. 453 F.2d 1259 (6 Cir. 1971), *cert. denied,* 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972); *Worsley v. Lash,* 421 F.Supp. 556 (N.D.Ind., 1976). *See also Lavigne v. Sara, Inc.,* 424 So.2d 273 (La.App. 1st Cir.1982). *But see* Comment, *Minimum Wage For Prisoners,* 7 U.Mich.J. L.Ref. 193, 199–203 (1973).

We are unable to hold that the district court erred. We therefore AFFIRM its dismissal of the plaintiffs' claim for the wage-protection of the Act.

AFFIRMED.