Charles R. WILKS, Jr., et al.,
Plaintiffs,

v.

DISTRICT OF COLUMBIA, et
al., Defendants.

Civ. A. No. 87–2149.

United States District Court,
District of Columbia.

Sept. 19, 1989.

Jonathan G. Axelrod, Patrick B. Shaw, John R. Mooney, Washington, D.C., for plaintiffs.

Kathleen A. Carey, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

The complaint seeks overtime pay for various categories of employees of the District of Columbia. Plaintiffs allege that the District has failed to pay overtime and calculate compensation time as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). The issue has been resolved for some employee categories, while other categories remain in dispute. The cross motions before the Court seek to determine the status of two categories of employees who work at the Department of Corrections.

■ Section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1), provides that overtime provisions are inapplicable to "any employee employed in a bona fide executive, administrative, or professional capacity...." In determining whether this exemption applies to a particular employee or employees, a court must fashion an interpretation of the FLSA that comports with the congressional purpose, *see NLRB v. Lion Oil Co.*, 352 U.S. 282, 297, 77 S.Ct. 330, 338, 1 L.Ed.2d 331 (1957) (Frankfurter, J., concurring in part and dissenting in part), guided primarily by the general regulations, the overall direction taken in individual rulings, and the specific facts in the case. The employer bears the burden of showing that its employees are exempt from FLSA coverage. *Corning Glass Works v. Brennan,*

417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974).

The two issues presented by the cross-motions are: 1) whether a Department of Corrections "foreman," who supervises only prisoners and not other Department of Corrections workers, is an "executive" under the FLSA; and 2) whether a Department of Corrections "teacher" is a "professional" under the FLSA. The Court concludes that a Department of Corrections "foreman" is not an FLSA "executive" but that a Department of Corrections "teacher" is an FLSA "professional."

### Foremen

■ Regulations at 29 C.F.R. § 541.1 define in relevant part an "executive" for purposes of section 13(a)(1) as any employee (1) "whose primary duty" is the management of an enterprise or department thereof; (2) who regularly supervises two or more "employees"; (3) who has authority for or significant influence in hiring and firing decisions; and (4) who is paid on a "salary basis."

The relevant facts as to the tasks performed by D.C. corrections department foremen are not in dispute. The foremen perform a variety of jobs. They install and repair telephone equipment, structural metals, security encasements, electrical systems, and plumbing fixtures and supervise inmates to do the same. They maintain and restore interior and exterior painting at Lorton and supervise inmates to do the same. They operate and supervise inmates in the sheet metal shop and the boiler plant. The foremen, however, supervise only prisoners, not District of Columbia employees.

Section 541.105 of 29 C.F.R. states, "An employee will qualify as an 'executive' under § 541.1 only if he customarily and regularly supervises at least two full-time employees or the equivalent." The examples provided in the provision indicate that the word "equivalent" pertains to the amount of time an employee works, e.g., two part-time employees are equivalent to one full-time employee, and not to the status of the worker.

Plaintiffs cite cases finding that inmates supervised by penal institution employees are not FLSA "employees" and therefore are not entitled to the coverage of the FLSA minimum wage. *See Young v. Cutter Biological,* 694 F.Supp. 651, 656–57 (D.Ariz.1988); *Wentworth v. Solem,* 548 F.2d 773, 775 (8th Cir.1977). The Court finds the reasoning of these cases persuasive. In cases in which inmates employed by outside employers sought minimum wage coverage, the courts have employed the "economic reality" test generally applied in FLSA cases. That test considers the extent to which typical employer prerogatives, such as authority to hire and fire, control work schedules and conditions, determine the rate of payment, and maintain employee records, are exercised over the inmate by the outside employer. *See Carter v. Dutchess Community College,* 735 F.2d 8, 13–14 (2d Cir.1984). Most such cases have found that inmates were not FLSA "employees." *See, e.g., Alexander v. Sara, Inc.,* 559 F.Supp. 42 (M.D.La.1983), *aff'd,* 721 F.2d 149, 150 (5th Cir.1983); *Sims v. Parke Davis Co.,* 334 F.Supp. 774 (E.D.Mich.1971), *aff'd,* 453 F.2d 1259 (6th Cir.1971), *cert. denied,* 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972).[1] Where the reviewing court found that the outside employer did not have the typical employer prerogatives, the FLSA was held inapplicable because inmate labor belongs to the penal institution and inmates do not lose their primary status as inmates just because they perform work. *Young v. Cutter Biological,* 694 F.Supp. at 657. It follows that the economic reality test is inapplicable to an inmate employed by the penal institution and supervised by its employees. *Id.*

Defendants respond that the prior decisions focused on inmate rights and dealt with the question of whether convicted persons are entitled to the same protections as other workers; defendants ask the Court not to "denigrate the supervisory function

---

1. In *Carter,* the Second Circuit refused to hold as a matter of law that no inmate working for an outside employer could ever be an FLSA "employee"; the Court remanded for an application of the "economic reality" test. 735 F.2d at 14.

of a foreman simply because he or she supervises inmates ..." But plaintiffs here are seeking to be so "denigrated." Moreover, the issue is interpretation of the statute. The meaning of a statutory term should remain consistent regardless of the status of the litigant. Corrections department "foremen" are not FLSA "executives" because the persons they supervise, i.e. prisoners, are not FLSA "employees."

Moreover, the foremen do not receive a "salary" within the meaning of the applicable C.F.R. provisions, another circumstance that deprives them of executive status. In *D'Camera v. District of Columbia*, 693 F.Supp. 1208, 1212–13 (D.D.C.1988), the court examined the compensation rules for District of Columbia police sergeants and found that it was fatal to D.C.'s argument that the sergeants were FLSA "administrative" employees, because the regulations require that "administrative" employees, like "executive" employees, be paid on a "salary basis." The requirements for determining whether payment is on a "salary basis" are the same for "executive" and "administrative" employees. *See* 29 C.F.R. § 541.212. The regulations, at 29 C.F.R. § 541.118 provide that a salaried employee "must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked" but that deductions may be made for absences of a day or more for sickness or disability reasons, if the employee is covered by a disability plan, or for personal reasons. As *D'Camera* stated, deductions in pay for absences from work shorter than a full day are inconsistent with the FLSA's definition of an employee paid on a "salary basis." 693 F.Supp. at 1212. The police sergeants in *D'Camera*, under certain circumstances, had their pay docked for absences on an hourly basis. Similarly here, plaintiffs assert and defendants do not dispute that corrections department foremen, under the District Personnel Manual, have their pay docked for any hour in which they are absent without permission.[2] Therefore, foremen are not paid on "salary basis" as defined in the regulations, do not

supervise other "employees," and thus are not FLSA "executive" employees.

### Teachers

■ The FLSA at 29 U.S.C. § 213(a)(1) exempts from FLSA coverage "any employee employed in a bona fide ... professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools)...." The regulations at 29 C.F.R. § 541.3 include in the definition of "professional," any employee whose "primary duty" consists of

> Teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in the school system or educational establishment or institution by which he is employed....

The regulations at 29 C.F.R. § 541.302(g)(2) provide that teaching personnel may include, *inter alia*, teachers of music, trades, automobile driving, and aircraft flight instructors.

In the statute itself, the word "including" implies that non-elementary or secondary school teachers might be exempt from FLSA coverage. *Lamb v. Rantoul*, 538 F.Supp. 34, 37 (D.R.I.1981). *Lamb* held that a college-level teacher was a "professional" within the meaning of the FLSA. The inclusion in § 541.302(g)(2) of flight instructors also appears to support a broader view of "teacher" than that suggested by the statute, since few, if any, elementary or secondary schools employ flight instructors.

The additional hurdle for defendant's argument that corrections department teachers are FLSA "teachers" is Section 541.3 of the regulations. That provision is ambiguous, but the Court's reading is that the word "educational" modifies the word "institution." Otherwise, it should have read "as a teacher in the school system, educational establishment or institution by which he is employed...." These regulations therefore suggest that only teachers employed by an educational institution are

---

**2.** The provision at 29 C.F.R. § 541.118(a)(5), which permits penalties for violations of "safety rules of major significance" to be levied against

salaried employees does not cover the docking policy at issue here.

exempt from FLSA coverage as "teachers."

The ordinary meaning of the term "educational institution" is "school." *National Security Archive v. Department of Defense*, 880 F.2d 1381, 1383 (D.C.Cir.1989) (interpreting the Freedom of Information Act). The Lorton Correctional Facility itself is not a school, but the Office of Educational Services, Lorton, within the Department of Corrections, which employs the Lorton teachers at issue here, is essentially a school, as the undisputed facts demonstrate. Under the Office of Educational Services are the Educational Program at the Central Facility at Lorton and the Educational Program at the Youth Center I Facility at Lorton, each of which is headed by a person with the title of "principal." Teachers in the programs must be certified by D.C. Public Schools in order to qualify for teaching positions. The Lorton teachers conduct formal classes of instruction in Basic Adult Education. Subjects include English, reading, mathematics, social sciences, natural sciences, art, home economics and physical education. They also serve as counselors, helping inmates address academic and personal problems. They are full-time professional educators, as opposed to, for example, corporate computer operators who spend part of their time "teaching" other employees how to use office computers. Moreover, plaintiffs do not suggest that the teaching undertaken by the Lorton teachers is not the central purpose of the Lorton educational programs. Plaintiffs point out that the Department of Corrections does not grant any educational degrees, but the Court does not find this factor fatal to a determination that the educational programs at Lorton constitute an educational institution, or school.[3] Therefore, the Department of Corrections teachers are "teachers" within the meaning of the regulations

and are thus "professionals" within the meaning of the FLSA and, accordingly, are exempt from FLSA overtime provisions.

An appropriate order accompanies this memorandum.

### ORDER

For the reasons set forth in the Court's memorandum filed herewith and it appearing that there are no genuine issues of material fact, partial summary judgment is granted to the plaintiffs as to "foremen," and partial summary judgment is granted to the defendants as to "teachers." For the purposes of these aspects of the various claims still pending, District of Columbia Department of Corrections "foremen" are not exempted from the coverage of the Fair Labor Standards Act as "executives," and Department of Corrections "teachers" are exempted from the coverage of the Fair Labor Standards Act as "professionals."

---

**3.** It appears to be plaintiffs' position that Lorton teachers must fit the definition of "teachers" to be exempted as "professionals," because, unlike teachers, non-teacher professionals must be paid on a "salary basis" or on a fee-per-job basis to be exempt from FLSA coverage. *See* 29 C.F.R. §§ 541.3, 541.311–315. Plaintiffs suggest, without documentation, that Lorton teachers, like Lorton foremen, are not paid on a salary basis and that *D'Camera*, discussed above, controls. Plaintiffs assert that Lorton teachers may be docked for absences, but they do not say whether the teachers can be docked for absences of less than one day. The Court need not address this factual question because it concludes that Lorton teachers work in an "educational institution" and thus are FLSA "teachers."