**Jose Rudolfo ALVARADO GUEVARA, et al., Plaintiffs–Appellants,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, et al., Defendants–Appellees.**

No. 89–2487.

United States Court of Appeals, Fifth Circuit.

June 5, 1990.

Terry E. Allbritton, David Gelfand, Tulane Law School Appellate Advocacy Clinic, New Orleans, La., Richard R. Renner, Southeastern Ohio Legal Services, New Philadelphia, Ohio, for plaintiffs-appellants.

David Ayala, Atty., I.N.S., Litigation Service, Jack Shepherd, Harlingen, Tex., Henry K. Oncken, U.S. Atty., Jeanette Mercado, Asst., Brownsville, Tex., for defendants-appellees.

Before REAVLEY, JONES and DUHÉ, Circuit Judges.

PER CURIAM:

Upon careful review of the record, briefs and oral arguments in this cause, we find that the judgment of the district court, Ricardo H. Hinojosa, J., is correct.

With the exception of additional footnotes provided by our court, we adopt the judgment and persuasive reasoning of the district court to the extent published below as Appendix A.

AFFIRMED.

## APPENDIX A

Plaintiffs Jose Rudolfo Alvarado Guevara, Luis Miguel Dominquez Mendoza, Elidio Escobar, Jose Dennis Flores Medrano, Juan Francisco Garcia Perez, Carlos Eduardo Gonzalez Cruz, Virgilio Tapia Rodas, Henry Vasquez Cruz, Encarnacion Calderon Valdizon, Carlos Humberto Campos Ortiz, Hector Najarco Alas, Cristobal Osorio Machado, Edwin Perez Valle, Jose Daniel Sullivan Lopez, Jose Vergara Hernandez, and Luis Arturo Zelaya Martinez (hereinafter "Plaintiffs") have brought suit against Defendants Immigration and Naturalization Service (hereinafter "INS"), Port Isabel Service Processing Center (hereinafter "PISPC"), John Luvender, Individually and as Director of the PISPC, Omer Sewell, Individually and as District Director of the Defendant, INS, and Edwin Meese, Individually and as Attorney General of the United States (hereinafter "Defendants").

Plaintiffs allege that they are current and former alien detainees of the INS whom Defendants employed in grounds maintenance, cooking, laundry and other services at the rate of one dollar ($1.00) per day. Further alleging that this practice is a violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201–219, Plaintiffs seek relief in the form of unpaid minimum wages, statutory liquidated damages, attorneys' fees and costs, and injunctive relief pursuant to the FLSA.

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217 as an action under the FLSA, pursuant to 28 U.S.C. § 1346(a)(2) as an action against an agency and officers of the United States, and pursuant to 28 U.S.C. § 1361 as an action to compel the Defendant officers of the United States to perform duties owed to Plaintiffs.

Defendants have filed a Motion to Dismiss Plaintiffs' cause of action, alleging that Plaintiffs have failed to state a cause of action upon which relief can be granted. FED.R.CIV.P. 12(b)(6). After considering the pleadings, the memoranda on file and the arguments of counsel, the Court is of the opinion that Defendants' Motion to Dismiss Plaintiffs' cause of action should be granted.

## ANALYSIS

It would be improper for the Court to grant Defendants' Motion to Dismiss Plaintiffs' cause of action pursuant to Rule 12(b)(6) unless Plaintiffs do not make any factual allegations that would support a cause of action. *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir.1980).

According to the affidavit of INS District Director Omer G. Sewell (hereinafter "Defendant Sewell") that was submitted as an attachment to the Motion to Dismiss, the PISPC is an alien detention facility located near Harlingen, Texas. Defendant Sewell further asserts that, as part of the detention program, it is customary to announce to the detainees, over a public address sys-

tem, that volunteer duties are available to those detainees who wish to participate. Pursuant to 8 U.S.C. § 1555(d),[1] which provides for payment of allowances to aliens for work performed while held in custody under the immigration laws, volunteers are compensated one dollar ($1.00) per day for their participation. The amount of payment was set by congressional act. Department of Justice Appropriation Act, 1978, Pub.L. No. 95–86, 91 Stat. 426 (1978).

Despite this apparent exchange of money for labor, Plaintiffs are not covered by the FLSA. Under the FLSA, an "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). . . .

[I]t would not be within the legislative purpose of the FLSA to protect those in Plaintiffs' situation. The congressional motive for enacting the FLSA, found in the declaration of policy at 29 U.S.C. § 202(a), was to protect the "standard of living" and "general well-being" of the worker in American industry. *Alexander v. Sara, Inc.,* 559 F.Supp. 42 (M.D.La.1983), *aff'd.* 721 F.2d 149 (5th Cir.1983). Because they are detainees removed from American industry, Plaintiffs are not within the group that Congress sought to protect in enacting the FLSA.[2]

While both Plaintiffs and Defendants admit that there are no cases dealing directly with factually identical circumstances, several cases have held that prison inmates, who are similar to detainees in that they have been incarcerated and are under the direct supervision and control of a governmental entity should not be protected under the FLSA. *Alexander v. Sara, Inc.,* 559 F.Supp. 42 (M.D.La.1983), *aff'd.* 721 F.2d 149 (5th Cir.1983). *Sims v. Parke Davis & Co.,* 334 F.Supp. 774 (E.D.Mich. 1971), *aff'd.* 453 F.2d 1259 (6th Cir.1971), *cert. denied,* 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972); *Worsley v. Lash,* 421 F.Supp. 556 (N.D.Ind.1976). *See also Lavigne v. Sara, Inc.,* 424 So.2d 273 (La.App. 1st Cir.1982).[3] These prior decisions on the issue have recognized imprisoned individuals are not covered under the FLSA because they do not fit the statutory definition of employee and because the congressional intent of the FLSA was to protect the standard of living and general well-being of the worker in American industry. 721 F.2d at 150. Those courts have concluded that an extension of the FLSA to the prison inmate situation was not, therefore, legislatively contemplated. *Id.* Because of the similarity in circumstances between the prison inmates and Plaintiff detainees here, the reasons noted by those courts for not extending the FLSA are applicable in this case.

█ Finally, Plaintiffs allege in their Memorandum in Opposition to Defendants' Motion to Dismiss that 8 U.S.C.A. § 1555(d) makes a distinction based on alienage without a compelling governmental purpose to justify this classification and is, therefore, unconstitutional. 8 U.S.C.A. § 1555(d) is part of a statutory scheme of Title 8 of the

---

1. "Appropriations now or hereafter provided for the Immigration and Naturalization Service shall be available for . . . (d) payment of allowances (at such rate as may be specified from time to time in the appropriation Act involved) to aliens, while held in custody under the immigration laws, for work performed. . . ." 8 U.S.C. § 1555(d).

2. Further evidence that alien detainees are not government "employees" lie in critical features of government employment. "In particular, a person claiming compensation as an employee of the United States must show that he or she has rendered service under an appointment to a federal position made by a government official authorized to make the appointment. *Baker v. United States,* 222 Ct.Cl. 263, 272, 614 F.2d 263, 268 (1980)." *Emory v. United States,* 2 Cl.Ct. 579, 580 (1983). Plaintiffs here make no such

claim. Moreover, the federal government usually authorizes the employment of aliens only under limited circumstances, none of which apply here. *See, e.g.,* § 603 of the Treasury, Postal Service and General Government Appropriations Act, 1989 (Public Law 100–440, Sept. 22, 1988, 102 Stat. 1751). By negative inference, alien detainees whose work is described by no statute authorizing use of taxpayers' money to pay government employees cannot claim such status.

3. *Cf. Wilks v. District of Columbia,* 721 F.Supp. 1383, 1384–85 (D.D.C.1989) ("court found that plaintiffs-foremen's supervision of inmates was not the supervision of employees" under the FLSA); *Emory v. United States,* 2 Cl.Ct. 579, 580 (1983) (prisoner work while incarcerated is not government employment), *aff'd,* 727 F.2d 1119 (Fed.Cir.1983).

United States Code regulating aliens and nationality and is an example of the broad congressional power over immigration and naturalization. *See generally Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (noting that there are many federal statutes that distinguish between citizens and aliens). Because of this broad congressional power, immigration legislation is subject to a limited scope of judicial inquiry. *Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977); *Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976). The Court will uphold the constitutionality of the statute as a valid exercise of the congressional power to regulate the conduct of aliens.