Jouett E. **ARNEY, et al., Plaintiffs,**

v.

Steve **DAVIES, et al., Defendants.**

No. 90–3532–S.

United States District Court,
D. Kansas.

March 18, 1991.

Jouett Edgar Arney, pro se.

## ORDER

SAFFELS, District Judge.

This matter is before the court on a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate incarcerated at the Lansing Correctional Facility, Lansing, Kansas, filed this complaint on behalf of himself and those similarly situated. The relief sought includes damages, including back wages and penalties, which plaintiff alleges are owed to all state prisoners involved in the manufacture of prison-made goods in the past ten years.

In this action, plaintiff appears to allege a conspiracy among the defendants; state legislators, corrections officials, business owners in several states, and the United Parcel Service; to wrongfully sell and distribute prison-made goods in interstate commerce in violation of 18 U.S.C. § 1761 and § 1762.

■ Having reviewed this complaint, the court concludes this action should be dismissed. First, the federal statutes cited, which concern the interstate transportation and labeling of products made by inmates, do not give rise to a private cause of action. *Wentworth v. Solem,* 548 F.2d 773 (8th Cir.1977).

■ Further, to the extent plaintiff seeks to allege a conspiracy by implicating state legislators and officials with private defendants, he must present specific factual allegations which tend to show an agreement and concerted action. *Sooner Products Co. v. McBride,* 708 F.2d 510 (10th Cir.1983). Plaintiff's complaint appears simply to recite a list of sales of products from prison industries in support of his broad allegations. Even permitting this pro se complaint the liberal construction to which it is entitled, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court concludes plaintiff's allegations are not sufficient to support his claim of conspiracy.

IT IS THEREFORE ORDERED this action is hereby dismissed.