

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 9, 1993

Honorable Jack Herrington
District and County Attorney
P.O. Box 364
Red River County Courthouse
Clarksville, Texas 75426-0364

Opinion No. DM-233

Re: Whether the Texas Department of Criminal Justice may operate a work program facility that produces goods and services that are marketed for profit or exempted under the Federal Private Industry Enhancement Program and related question (RQ-504)

Dear Mr. Herrington:

On behalf of Red River County, you have asked us to determine whether the Texas Department of Criminal Justice (the "TDCJ") may own or operate a work program facility that qualifies for exemption under the Private Industry Enhancement Program of title 18 of the United States Code, section 1761(c). You also ask whether chapter 497, subchapter C of the Government Code authorizes the TDCJ to own and operate a work program facility.

Both of your questions are based, at least in part, on chapter 497 of the Government Code. Among other things, chapter 497 creates the prison industries office in the institutional division of the TDCJ and establishes a work program plan involving municipalities and counties. Subchapter A creates within the institutional division of the TDCJ a prison industries office "to provide adequate employment and vocational training and development and expansion of public and private prison industries." *See* Gov't Code §§ 497.001, 497.002(a). To that end, section 497.004(a) requires the director of the institutional division of the TDCJ to use inmate labor in the prison industries program to the greatest extent feasible and to develop and expand the prison industries program through arrangements with private business for the use of inmate labor. *But see generally* Letter Opinion No. 88-67 (1988).

Subchapter C requires the pardons and paroles division of the TDCJ to establish a work program plan, under which the pardons and paroles division may transfer an eligible person from the institutional division or a county jail to a work facility that a municipality or county owns and operates. Gov't Code § 497.053; *see* Attorney General Opinion JM-1212 (1990) at 1. While the work facility participant resides at the facility, he or she remains in the technical custody of the pardons and paroles division. *See* Gov't Code § 497.053; Attorney General Opinion JM-1212 at 1. The municipality or county owning and operating the work facility must comply with the requirements articulated in

subchapter C, including distributing a resident's earnings as required in section 497.056(b) and ensuring that residents are paid wages at least as high as the prevailing wage for similar work in the area or community. Gov't Code § 497.057.

You first ask whether the TDCJ may own and operate a work program facility that is exempt under title 18 of the United States Code, section 1761(c). We note, first, that the term "work program facility" or "work facility" refers to a facility owned and operated by a municipality or county pursuant to a contract with the pardons and paroles division under chapter 497, subchapter C of the Government Code. Because the TDCJ is not a municipality or county, subchapter C does not apply to it. Instead, pursuant to chapter 497, subchapter A, the TDCJ may operate a "prison industries program" at each correctional facility that the director of the institutional division considers suitable. *See id.* § 497.002(b).

In general, title 18 of the United States Code, section 1761(a) criminalizes the transportation in interstate commerce of "any goods, wares, or merchandise manufactured, produced, or mined, wholly or in part by convicts or prisoners, except convicts or prisoners . . . in any penal or reformatory institution." *See also Wentworth v. Solem*, 548 F.2d 773, 775 (8th Cir. S.D. 1977) (noting district court construction of 18 U.S.C. § 1761(a)). *See generally Kentucky Whip & Collar Co. v. Illinois Cent. R.R. Co.*, 299 U.S. 334 (1937) (considering constitutionality of Ashurst-Sumners Act, codified as 18 U.S.C. §§ 1761, 1762). Subsection (c), about which you ask, exempts goods made by convicts or prisoners who are participating in one of not more than fifty nonfederal prison work pilot projects that the Director of the Bureau of Justice Assistance has designated and who meet other specified conditions. You have made numerous arguments that goods manufactured in a TDCJ prison industries program are not exempt under subsection (c). We need not determine whether you are correct, because we believe that such goods are excepted from section 1761 under subsection (a), as goods manufactured by convicts or prisoners in a penal or reformatory institution.

Second, you ask whether the TDCJ may own and operate a work program facility under chapter 497, subchapter C of the Government Code. As we stated above, the term "work program facility" or "work facility" refers only to a facility owned and operated by a municipality or county. Therefore, subchapter C by its terms authorizes only municipalities and counties to own work program facilities. Gov't Code § 497.055(b). A work program facility may be operated only pursuant to a contract between the pardons and paroles division of the TDCJ and the municipality or county in which the facility is located. *Id.* Thus, the TDCJ may not own or operate a work program facility. It may, however, operate a prison industries program under chapter 497, subchapter A of the Government Code.

## S U M M A R Y

Section 1761(a) of title 18, United States Code, excepts from the federal prohibition against the transportation in interstate commerce of prison-made goods those goods inmates or prisoners manufactured in a prison industries program that the Texas Department of Criminal Justice operates pursuant to chapter 497, subchapter A of the Government Code. Chapter 497, subchapter C of the Government Code does not authorize the TDCJ to own and operate a work program facility; such facilities may be owned only by a municipality or county and operated pursuant to a contract between the pardons and paroles division of the TDCJ and the municipality or county in which the work program facility is located.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General