7 F.3d 971
 126 Lab.Cas. P 33,037, 1 Wage & Hour Cas.2d
(BNA) 1109
 Alton C. FRANKS, Joseph Osborne, Michael Tidwell, Terry Lee
Steward, John Timko, Phillip Sparks, James Vaughn, Frederick
Giles, Lance Foster, Robert Mohundro, Jesse Thomas, Chester
Lyons, Billy Ray Walters, Harold Huntley, Robert Schneider,
Timothy Clark, Jerry Hallmark, Kelvin Moore, Delfino Porras,
Archie Rose, Darrell Allen, George Wright Smith, John
Tarapen, Ed Blaskovic, James Claborn, Wesley Edwards, John
McPhail, T.L. Rhine, Kenneth Burns, Stephen Jones, Rickey
Wyatt, Arthur Brown, Wayne Easter, James Pope, Larry
Butcher, Randall Swanson, Justin Samuel, Jackie Parret,
Charles Peters, Jack Henry, Robert Deal, Billy Thomas, Larry
Ned, Paul Quick, Andrew Barboza, Tyrone Williams, Mark
Chester, Frank McQueen, Elza Nash, Stephen Chronister,
Marvin Morris, Paul Sanders, Robert Eugene King, Elvin
Fagans, Gilbert Payne, David Speaks, Calvin Barnett, James
Wallace Wolfe, Dennis Milligan, Ronnie McGowan, Virgel
Miles, Jerry Lee Stiles, Duane Cronic, representative party
plaintiffs on behalf of all other inmates employed or
formerly employed by Oklahoma State Industry, Plaintiffs-Appellants,
v.
OKLAHOMA STATE INDUSTRIES; Max Newberry, Administrator;
Gary D. Maynard, former Director of the Oklahoma Department
of Corrections; Larry Fields, Director of the Oklahoma
Department of Corrections; Jim Westbrook, Industry
Coordinator; Danny Wilson, Industry Manager; Paul Ridgway,
Industry Manager; M.C. Ridgeway, Industry Manager; Don
Pope, Industry Manager; Ron Jackson, Industry Manager;
Richard Hall, Industry Manager; Betty Ward, Industry
Manager; Jim Dodd, Industry Manager; Roy Beason, Industry
Manager; Bill Jock, Industry Manager; Leroy Bond, Industry
Coordinator; Mike Stroll, Industry Manager; John Hammer,
Industry Manager; Sharon Schaffer, Industry Manager; Bill
Carpenter, Industry Manager; Roger Glenn, Industry Manager;
Les Guttert, Supt. I; Fidel Lujan, Industry Manager;
Laura Webb, Industry Manager; Nanette Holt, Industry
Manager; Alex Lunn, Industry Manager; Leon Moore, Industry
Coordinator; Wayne London, Industry Manager; Darryl
Rhoads, Industry Manager; Charles Kelly, Industry Manager;
Harold Cantrell, Industry Manager; George Dugan, Industry
Manager; Gary Franks, Industry Manager; Shirley Turner,
Industry Manager; Ken Grothe, Industry Manager; Bob
Tomlinson, Industry Coordinator; Danny Brown, Industry
Manager; Charles Harris, Industry Manager; Jess Towell,
Industry Manager; Frank Hudson, Industry Manager; Bobby
Boone, Warden; Dan Reynolds, Warden; Jack Cowley, Warden;
Neville Messey, Warden; Edward Evens, Warden; L.L. Young,
Warden; Ron Champion, Warden, Defendants-Appellees.
 No. 93-7020.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 18, 1993.
 
 Alton C. Franks, et al., pro se, on the brief.
 Before McKAY, BARRETT and SETH, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Alton C. Franks, et al., (Plaintiffs), appearing pro se, appeal the district court's order dismissing their complaint wherein they sought a decree directing the Oklahoma State Industries, a division of the Oklahoma Department of Corrections, to tender to them minimum wages alleged to be due pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq. The Plaintiffs sought declaratory and injunctive relief, back wages and damages. The district court, in a well-reasoned order, (Vol. I, Tab 5), dismissed Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Congress did not intend to extend the FLSA's definition of "employee," 29 U.S.C. § 203(e)(2)(C), to inmates working in prison. We agree that the complaint failed to state a claim upon which relief can be granted.
 
 
 3
 The district court observed that although Williams v. Meese, 926 F.2d 994 (10th Cir.1991) did not deal with the minimum wage standard of the FLSA as applied to prison labor, it did hold that a federal prison inmate was not an "employee" under Title VII, the Equal Pay Act, or the Age Discrimination in Employment Act (ADEA). The court held:
 
 
 4
 ... We conclude that plaintiff is not an "employee" under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment." Prisoner Not Protected From Racial Job Bias, 2 Empl.Proc.Guide (CCH) p 6865, at 7009 (April 18, 1986) (EEOC Decision No. 86-7).
 
 
 5
 Id. at 997.
 
 
 6
 We believe that the same rationale applies in the instant case.
 
 
 7
 In Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986), we held that an inmate has no right to a job in the prison or to any particular job assignment, but that prison officials cannot discriminate against an inmate based upon his age, race or handicap.
 
 
 8
 In Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320 (9th Cir.1991), Judge Trott reasoned that the FLSA's minimum wage protection was not intended by Congress to extend to felons serving time in prison. Judge Nelson dissented. Judge Rymer concurred but expressly refused to reach the issue. Judge Trott opined:
 
 
 9
 ... Not a word can be found anywhere in the relevant statutes or authorities indicating an intent by Congress to include such a distinctive class of "workers" [convicted murderers, rapists, burglars, armed robbers, swindlers, thieves, and the like] in the FLSA ... [it is] singularly unconvincing ... that the statutory scheme's failure to include "prisoners" on ... "an extensive list" of workers who are excepted expressly from FLSA coverage provides somehow a rationale to bring them within the statute's mandate.... It is equally plausible, indeed more so, that in view of the manifest purpose of Congress in enacting the FLSA, it did not cross any member's mind--even for a moment--that felons serving hard time in prison and working in the process would be covered by this economic protection.
 
 
 10
 Id. at 1325.
 
 
 11
 See also: Miller v. Dukakis, 961 F.2d 7 (1st Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 666, 121 L.Ed.2d 590 (1992) (holding that Sexually Dangerous Persons who have been committed to the Massachusetts Treatment Center are prisoners for wage purposes, not entitled to minimum wages under the FLSA as employees); Hale v. State of Ariz., 967 F.2d 1356 (9th Cir.1992), rehearing en banc, 993 F.2d 1387 (9th Cir.1993), pet. for cert. filed, 62 USLW 3166 (Sept. 1, 1993, case No. 93-353) (while refusing to hold that, as a matter of law, prisoners may never be "employees" of a prison, held that inmates working for a prison, in a program structured by the prison pursuant to state law requiring prisoners to work at hard labor are not "employees" entitled to minimum wages pursuant to the FLSA); Alexander v. Sara, Inc., 721 F.2d 149, 150 (5th Cir.1983) (state prison inmates performing work on prison grounds for a profit-making private entity under contract with Dept. of Corrections are not employees entitled to minimum wage coverage under FLSA); Emory v. United States, 2 Cl.Ct. 579, 580, aff'd, 727 F.2d 1119 (Fed.Cir.1983); Wentworth v. Solem, 548 F.2d 773, 775 (8th Cir.1977) (FSLA's minimum wage coverage does not extend to convicts working in state prison industries). Also see Watson v. Graves, 909 F.2d 1549 (5th Cir.1990) (inmates in work release program working for private employers who select the inmates held to be employees entitled to minimum wage coverage of FLSA); Carter v. Dutchess Community College, 735 F.2d 8 (2nd Cir.1984) (prisoners as a class are not expressly exempted from FLSA coverage; inmates employed by community college within prison as teaching assistants may be covered under the economic reality test).
 
 
 12
 In Doty v. Elias, 733 F.2d 720 (10th Cir.1984), we held that in determining whether an individual is an "employee" within the meaning of the FLSA, the court must look to the economic realities of the relationship:
 
 
 13
 ... The focal point in deciding whether an individual is an employee is whether the individual is economically dependent on the business to which he renders service ... or is, as a matter of economic fact, in business for himself ... In applying this test, the courts generally focus on five factors: (1) the degree of control exerted by the alleged employer over the worker, (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; and (5) the degree of skill required to perform the work.
 
 
 14
 Id. at 722-23.
 
 
 15
 In our view, the economic reality test was not intended to apply to work performed in the prison by a prison inmate.
 
 
 16
 AFFIRMED.