No. 99-30516

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30516
Summary Calendar

_____

JAMES JOSEPH FETTERLY,

                                        Plaintiff-Appellant,

versus

BURL CAIN ET AL.,

                                        Defendants,

BURL CAIN; JOHN LEBLANC,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
--------------------

November 30, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Inmate James Joseph Fetterly appeals the district court's dismissal of his § 1983 complaint.  Fetterly, who works at a chicken processing plant within his prison, appeals the denial of his Fair Labor Standards Act claim and his constitutional claim regarding working conditions at the plant.

    The district court correctly concluded that Fetterly's complaints regarding his work, including crowded conditions,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

worn-out gloves and occasional failure to receive analgesics, did not state a constitutional violation.

A plaintiff's status as an inmate does not foreclose an inquiry into FLSA coverage. Coverage has been granted, however, where the prisoner works outside the prison under the supervision of the private enterprise. Watson v. Graves, 909 F.2d 1549, 1553-55 (5th Cir. 1990). We have rejected FLSA entitlements where the prisoner worked inside the prison supervised by prison employees. See Alexander v. Sara, Inc., 721 F.2d 149, 149-50 (5th Cir. 1983). Here, Fetterly works inside the prison and can demonstrate no employment relationship between him and the private enterprise. He is thus not an employee for FLSA purposes.

AFFIRMED.