**Phillip O. HUDGINS**

v.

**Charles E. HART et al.**

**Civ. A. No. 70–13.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

March 18, 1971.

James A. Wood, Baton Rouge, La., for plaintiff.

William R. D'Armond, Sanders, Miller, Downing & Kean, Baton Rouge, La., for defendant Hyland Division, Travenol Laboratories, Inc.

Peter T. Dazzio, Watson, Blanche, Wilson, Posner & Thibaut, Baton Rouge, La., for defendant Charles E. Hart.

WEST, Chief Judge:

This is a suit by an inmate of Louisiana State Penitentiary who alleges violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The petitioner claims that Hyland Laboratories and Charles E. Hart hired him as an assistant medical technician and clerk in connection with their business of extracting blood plasma from the inmates of the penitentiary. He lists a number of specific duties which he claims to have performed for the defendants during a three year period, and for which he claims to have been underpaid. He prays for reparation in the sum of $17,000.00, representing the minimum wages allegedly due him for work performed during this three year period pursuant to the minimum pay provisions of the Fair Labor Standards Act, and he asks for an equal amount in liquidated damages, together with costs and reasonable attorney's fee.

Both defendants have filed motions to dismiss for failure to state a claim upon which relief can be granted, and/or for summary judgment. Since evidence in the form of affidavits and other documentary evidence has been filed in addition to the pleadings, the Court considers the matter submitted for determination on motions for summary judgment.

The basis of the motions for summary judgment is the contention by defend-

ants that since, as a matter of fact, there was no contractual relationship, that is, no employer-employee relationship, between plaintiff and the defendants, the plaintiff is not entitled to the protection of the Fair Labor Standards Act. We agree.

The uncontroverted affidavits and other exhibits which have been filed in the record unquestionably support the position of the defendants and conclusively show that there was no contractual agreement, oral or written, between the inmate plaintiff and either of the defendants. There was simply no employer-employee relationship between any of these parties. All contractual arrangements in this case were between the defendants, Hyland and Hart, and the Louisiana State Penitentiary, and the Louisiana Department of Corrections. The plaintiff was an inmate at the penitentiary, and as such his labor belonged to the penitentiary. It was the penitentiary that assigned him to work for Hyland and/or Hart, and it was the penitentiary that decided what Hyland and/or Hart would pay *to the penitentiary* for that labor. The fact that the penitentiary deposited all or part of the money paid by Hyland and/or Hart for the services of plaintiff to the account of the inmate does not make the plaintiff an employee of the defendants. The case of Huntley v. Gunn Furniture Company, 79 F.Supp. 110 (W.D.Mich.1948), cited by both defendants, is dispositive of this case. In *Huntley* the Court said:

"It is clear that the labor of the plaintiffs as inmates of the State prison belonged to the State of Michigan, and they concede in effect that they could be lawfully employed only by the State." 79 F.Supp. at 113.

And the Court continued:

" * * * the complaint in the present case fails to allege facts showing that plaintiffs were employees of the defendant within the meaning of the words 'employ' and 'employee' as used in the Act. In fact, the complaint affirmatively shows that plaintiffs were employees of the Michigan prison industries and not of the defendant. * * * " 79 F.Supp. at 116.

The only difference between the *Huntley* case and the case at bar is that here it was necessary to show the relationship between the parties by affidavit, since the complaint did not affirmatively show it. But the fact remains that plaintiff was not an employee of either of the defendants for the purposes of the Fair Labor Standards Act, and therefore, he is not entitled, under the facts of this case, to the protection of that Act. Therefore, the motions of both defendants for summary judgment will be granted, and judgment will be entered accordingly.