Harry Dale WORSLEY, Plaintiff,

v.

Warden Russell LASH, Individually and in his official capacity as Warden of the Indiana State Prison, et al., Defendants.

No. S 74–116.

United States District Court,
N. D. Indiana,
South Bend Division.

Oct. 26, 1976.

Harry Dale Worsley, pro se.

Theodore L. Sendak, Atty. Gen., State of Indiana, Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

The plaintiff, an inmate, duly and legally confined in the Indiana State Prison claims the benefits of the Federal Fair Labor Standards Act, Title 29 U.S.C. 201 et seq. in regard to a work release program wherein he performs work on a trustee status at Saint Anthony's Hospital in Michigan City, Indiana, in the criminal detention ward where inmates of the Indiana State Prison are hospitalized.

At the outset it is clear and undisputed from the record that the plaintiff was never "employed" by the State of Indiana as contemplated by the Fair Labor Standards Act. His work at the hospital was authorized by Indiana Statute, namely, IC 1971, 11–2–4–1. Section 203 of the Fair Labor Standards Act does not convert such status to that of employee. See *Sigler v. Lowrie*, 404 F.2d 659 (8th Cir. 1969), cert. den. 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 and *Sims v. Parke Davis & Co.*, 334 F.Supp. 774 (E.D.Mich.1971).

This plaintiff has no constitutional right to a minimum wage for his labors as a prison inmate and therefore cannot assert such to invoke this Court's jurisdiction under 42 U.S.C. 1983.

Nothing in *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), cited by the plaintiff is contrary to the reasoning and result here. *Johnson* deals with one inmate preparing another inmate's legal writs.

A careful analysis of the legislative history and proper scope of the Fair Labor Standards Act is found in *Employees of the Department of Public Health and Welfare, State of Missouri v. Department of Public Welfare, State of Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). Nothing in that legislative history or the regulations promulgated thereunder is suggestive of the extension which this plaintiff requests.

Therefore, the defendant's motion to dismiss filed June 13, 1974 is in all things GRANTED.