424 So.2d 273 (1982)
Richard Allen LAVIGNE
v.
SARA, INC.
No. 15128.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied January 14, 1983.
Dennis R. Whalen, Baton Rouge, for plaintiff-appellant.
Tommy C. Rutledge, DeQuincy and Winfield E. Little, Jr., Lake Charles, for defendant-appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Richard Allen Lavigne (plaintiff) seeks to recover the minimum wage under Title 29, United States Code, for services performed for Sara, Inc. (defendant) while he was an inmate[1] at Dixon Correctional Institute.
Defendant filed an exception of no right of action alleging that plaintiff's petition failed to show that plaintiff was entitled to minimum wage. The trial judge sustained the exception, stating that:
"... inmates of the Louisiana Department of Corrections are not `employees' under the Fair Labor Standards Act and that inmates remain under the direct supervision and control of the Louisiana Department of Corrections and not Sara, Inc."
The exception of no right of action questions plaintiff's legal interest to bring a particular action. If the plaintiff does not belong to a particular class to which the law grants a remedy, the exception of no right of action should be maintained. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979).
If plaintiff is an "employee," he would have a right of action within the meaning of the Fair Labor Standards Act, 29 U.S.C.A. § 201, et seq. (1978) [hereafter referred to as the Act]. The applicable jurisprudence holds, however, that prison inmates are not "employees" within the meaning of the Act. Alexander v. Sara, Inc., 505 F.Supp. 1080 (M.D.La.1981); Worsley v. Lash, 421 F.Supp. 556 (N.D.Ind.1976); Sims v. Parke Davis & Co., 334 F.Supp. 774 (E.D.Mich.1971), aff'd, 453 F.2d 1259 (6th Cir.1971), cert. denied, 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972); Hudgins v. Hart, 323 F.Supp. 898 (E.D.La.1971); Huntley v. Gunn Furniture Co., 79 F.Supp. 110 *274 (W.D.Mich.1948); compare, Parker v. State, 353 So.2d 333 (La.App. 1st Cir.1977), writ denied, 354 So.2d 1375 (La.1978).
A similar situation was presented in Alexander v. Sara, Inc., supra, where an inmate at Angola claimed that he was an employee within the meaning of the Act while he performed duties similar to those of instant plaintiff in a plasmapheresis program conducted by the same defendant, Sara, Inc. The court found that the inmate was not an employee within the meaning of the Act.
After reviewing the record and the jurisprudence, we find that plaintiff cannot be an "employee" within the meaning of the Act. As stated by the trial judge:
"... applicable jurisprudence unequivocably states that the labor of the inmates of the state prison belongs to the state, can be lawfully employed only by the state, and that the inmates in this type of situation are not employees of defendant for the purposes of the Fair Labor Standards Act."
The peremptory exception of no right of action was properly maintained by the trial judge. All costs are taxed to appellant.
AFFIRMED.
NOTES
[1] Plaintiff's petition alleges that he is "... presently residing at Dixon Correctional Institute in East Feliciana Parish," but is silent as to his status as an inmate there. His status as an inmate was conceded throughout these proceedings, even in plaintiff's brief.