**George ALEXANDER, et al.**

v.

**SARA, INC.**

**Civ. A. No. 80–270–B.**

United States District Court,
M.D. Louisiana.

March 16, 1983.

John Shea, Baton Rouge, La., for plaintiffs.

Tommy C. Rutledge, DeQuincy, La., for Sara, Inc.

Winfield E. Little, Jr., Lake Charles, La., for Dr. Harry L. Shaheen.

POLOZOLA, District Judge.

This matter is before the Court after having been remanded from the Fifth Circuit Court of Appeals. 666 F.2d 590. The facts of this case are set forth in this Court's original opinion which dismissed this suit for lack of subject matter jurisdiction. 505 F.Supp. 1080 (1981). The Fifth Circuit Court of Appeals found the dismissal to be "procedurally improper", and remanded the case to this Court for further proceedings. This case is now before the Court on the motion of the defendant, Sara, Inc., for summary judgment. No oral argument is required on this motion.

As noted in the Court's prior opinion, the sole issue before the Court is whether or not the plaintiffs, who are inmates at the Louisiana State Penitentiary at Angola, are "employees" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. The facts of this case are not in dispute.

In 1976, the Louisiana Department of Corrections entered into a contract with the defendant, Sara, Inc., which permitted the inmates at Angola to participate and assist in a blood plasma program at Angola.

Thereafter, the defendant established a plasmapherisis program which was operated by the inmates pursuant to the terms of the agreement which Sara, Inc. had entered into with the Louisiana Department of Corrections. In February of 1978, the contract was renegotiated and remains effective today. Under the terms of this agreement, inmates are compensated $3.00 per day. Sara, Inc. pays the funds due under the contract directly to the State of Louisiana, which in turn, deposits the appropriate amount to the individual inmate's prison account.

Under the terms of the agreement, the Louisiana Department of Corrections reserves the right to veto the assignment of inmates to work in the plasma laboratory. The Department also maintains absolute control in screening prisoners who are proposed as plasmapherisis workers. Therefore, the ultimate control and regulation of the inmates remains with prison officials. Sara, Inc. is granted some discretion in selecting and requesting particular prisoners. However, the Department does reserve the right to veto and reject the request made by Sara, Inc. for a particular inmate.

A review of plaintiffs' complaint reveals that the plaintiffs contend that they are compensated at a rate far below the minimum wage. Plaintiffs further contend that the defendant is in violation of Section 207 of the Act in that the plaintiffs were employed for work weeks which exceed 40 hours per week without being compensated at rates not less than one and one-half times the minimum wage. In response to the plaintiffs' complaint, the defendant contends that the inmates are not employees within the meaning of the FLSA. The defendant further contends that it is not an employer within the meaning of the Act. Finally, Sara, Inc. argues that it has contracted with the State of Louisiana and not with the individual plaintiffs in this case.

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The term "employ" is defined as including "to suffer or permit to work" 29 U.S.C. § 203(g). At least four federal district courts have written opinions which have held that prisoners are not "employees" within the meaning of the Act. *Huntley v. Gunn Furniture Co.,* 79 F.Supp. 110 (W.D.Mich., 1948); *Hudgins v. Hart,* 323 F.Supp. 898 (E.D.La., 1971); *Sims v. Parke Davis & Co.,* 334 F.Supp. 774 (E.D. Mich., 1971), affd. 453 F.2d 1259 (6 Cir. 1971), *cert. denied,* 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972); *Worsley v. Lash,* 421 F.Supp. 556 (N.D.Ind., 1976). The Court finds that *Hudgins v. Hart,* supra, is nearly identical to the present case. The *Hudgins* case, as does this case, involved a blood plasma program at the Louisiana State Penitentiary at Angola, Louisiana. In concluding that the inmate was not an employee, U.S. District Judge E. Gordon West stated:

"There was simply no employer-employee relationship between any of these parties. All contractual arrangements in this case were between the defendants, Hyland and Hart, and the Louisiana State Penitentiary, and the Louisiana Department of Corrections. The plaintiff was an inmate at the penitentiary, and as such his labor belonged to the penitentiary. It was the penitentiary that assigned him to work for Hyland and/or Hart and it was the penitentiary that decided what Hyland and/or Hart would pay to the penitentiary for that labor. The fact that the penitentiary deposited all or part of the money paid by Hyland and/or Hart for the services of the plaintiff to the account of the inmate does not make the plaintiff an employee of the defendants." 323 F.Supp. at 899.

In *Sims v. Parke Davis & Co.,* supra, the Court provided:

"The economic reality is that plaintiffs are convicted criminals incarcerated in a state penitentiary. As state prisoners, they have been assigned by prison officials to work on the penitentiary premises for private corporations at rates established and paid by the State. In return for the use of this convict labor, the private corporations have relinquished their normal rights: (1) to determine when,

and whether, their enterprises need additional help; (2) to select the members of their work force; (3) to remove from their work force members with whom they are dissatisfied; (4) to control that labor force except in most routine matters. To find on those facts that an employment relationship exists between the prisoners and private corporations is contrary to the economic reality of their relationship." 334 F.Supp. at 787.

Two recent state court cases, including one from Louisiana involving Sara, Inc., have also ruled under very similar facts that inmates were not employees within the meaning of the FLSA. *Lavigne v. Sara, Inc.,* 424 So.2d 273 (La.App. 1 Cir.1982); *McGinnis v. Stevens,* 543 P.2d 1221 (Alaska, 1978).

After reviewing the entire record in this case, the Court finds that the plaintiffs are not employees within the meaning of the Fair Labor Standards Act. The Court further finds that *Hudgins v. Hart,* supra, is particularly applicable to the facts of this case. Although the plaintiffs suggest that there are significant differences between the decisions rendered in *Hudgins* and *Sims,* the Court finds that the distinctions suggested by plaintiffs are without merit. As noted earlier in this opinion, the ultimate control and regulation of the inmates who work for Sara, Inc. remains with prison officials. The mere fact that Sara, Inc. is granted some discretion in selecting and requesting particular prisoners does not create an employer-employee relationship necessary to trigger the applicability of the Fair Labor Standards Act. It is clear that the Louisiana Department of Corrections reserves the right to veto the assignment of inmates to work in a plasma laboratory. While the Louisiana Department of Corrections cannot force Sara, Inc. to accept a particular inmate as a worker in the program, the Department of Corrections does maintain absolute control in screening prisoners who are proposed as plasmapherisis workers. The so-called hiring, firing and wage setting prerogatives of the defendant are qualified powers, subject to the ultimate control of prison administrators. The

mere fact that the prison officials do not always pick and choose inmates to participate in the program does not obviate the supervisory discretion which must and should be afforded to the correctional officials who monitor the actions of individuals who are incarcerated in penal institutions.

In the final analysis, it is clear that the inmates who participate in the plasma program do not lose their status as inmates. The inmates remain, as indeed they must, under the direct supervision and control of the Louisiana Department of Corrections and not Sara, Inc.

The statutory language of the FLSA also supports the Court's decision in this case.

In its declaration of policy for the FLSA, found at 29 U.S.C. § 202(a), the Congress stated that its concern in enacting the FLSA was with the "standard of living" and "general well-being" of the worker in American industry. Clearly, the extension of the minimum wage provisions to prison inmates was not contemplated.

Therefore:

IT IS ORDERED that the defendant's motion for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiffs' suit be DISMISSED at plaintiffs' costs.

Judgment shall be entered accordingly.