No. 89-619

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GARY L. QUIGG, DENNIS DONEY,
RAY OLSON, DAN GRANT and all
others similarly situated,

       Plaintiffs and Appellants,

  -vs-

CARROL SOUTH, Administrator of the
MONTANA DEPARTMENT OF INSTITUTIONS,
and THE STATE OF MONTANA,

       Defendants and Respondents.

APPEAL FROM:   District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Henry Loble Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Jeffrey T. Renz, Attorney at Law, Billings, Montana

       For Respondent:

       James Scheier, Agency Legal Services Bureau, Helena,
       Montana
       James B. Obie, Department of Institutions, Helena,
       Montana

Submitted on Briefs:  May 3, 1990

Decided:  June 7, 1990

Filed:

_____
               Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a grant of summary judgment for defendants in the First Judicial District, Lewis and Clark County, Montana, on plaintiffs/appellants' claims that defendants discriminated against them on the basis of sex. We affirm.

As the District Court noted, this action lay dormant for years, having first been filed in December, 1984, and it was not until June, 1988 that an amended complaint was filed and various motions thereafter were filed, involving certification as a class action in summary judgment. While the defendants did not file a motion for summary judgment until after the appellants had filed such a motion in March, 1989, the defendants also requested a grant of summary judgment on the amended complaint.

The appellants maintain that while inmates at the State Prison at Deer Lodge, Montana, they were employed in various capacities and paid wages therefor. Several of the appellants filed affidavits which set forth the jobs that they held and the rates of pay. The appellants contend that the female inmates were paid substantially more (the minimum wage of $3.35 per hour) than the male inmates for essentially the same jobs. The appellants here request damages because they claim that as male prisoners they were economically discriminated against in favor of female prisoners. They also ask the court to describe conditions of work for the appellants which will alleviate this sexual discrimination in the State prison system.

Under the facts alleged, were it not for the fact that the appellants were prisoners of the State of Montana, it would appear, prima facie, that the appellants were being sexually discriminated against on the basis of pay for work required while serving their sentences at the State prison. Unfortunately for the appellants, the legislature anticipated that prison inmates who are required to work might seek to enforce employment rights tantamount to the non-prisoner general population. The legislature provided that one of the penalties for being a prison inmate is that a prisoner does not have those rights while serving his sentence at the State prison. Section 53-30-151, MCA, states:

> An inmate of the Montana state prison may be required to:
>
> (1) keep his own living quarters clean and orderly;
>
> (2) perform general maintenance and repair work on prison grounds and facilities and assist in providing services essential to the administration of the prison, including but not limited to food and laundry services.

Section 53-30-152, MCA, provides:

> An inmate working pursuant to 53-30-151 is not an employee, either public or private, and employment rights accorded other classes of workers do not apply to such inmates.

As concerns the State prison industries and training programs, the legislature provided in § 53-30-132(3) and (4), MCA:

> (3) Inmates working in the prison industries training program are not employees, either public or private, and employment rights accorded other classes of workers do not apply to such inmates.
>
> (4) Able-bodied persons committed to the

3

Montana state prison as adult offenders shall be required to perform work as provided for by the department of institutions.

We note in this action the appellants seek to avoid the effect of the above-quoted statutes and "end run" the intent of the legislature by relying upon general anti-discrimination statutes such as the following: §§ 49-2-308, 49-3-201, 49-3-205 and 49-3-206, MCA.

As we have noted, the legislature specifically prohibited appellants from receiving the relief they seek in their amended complaint. The general statutes they cite are not applicable, and were not intended to override the specific legislative intent set forth in the above sections under Title 53.

While this case appears to be one of first impression in Montana, and is a unique fact situation, there is case law from both the federal and state courts that have considered this point. Worsley v. Lash (N.D. Ind. 1976), 421 F.Supp. 556, held that prison inmates do not under the theory of civil rights deprivation, recover minimum wages for labor since the work was authorized by statute.

In addition to Worsley, the case of Lavigne v. Sara, Inc. (La.App. 1982), 424 So.2d 273, and several other federal cases that have been brought against the same defendant Sara, Inc. (Alexander v. Sara, Inc. (5th Cir. 1983), 721 F.2d 149; Alexander v. Sara, Inc. (M.D. La. 1981), 505 F.Supp. 1080; Alexander v. Sara, Inc. (M.D. La. 1983), 559 F.Supp. 42); and Woodall v. Partilla (N.D.Ill. 1984), 581 F.Supp. 1066; all support the finding in Worsley. The

4

finding in <u>Worsley</u> holds that prison inmates cannot, under the theory of a civil deprivation, recover minimum wages for labor since the work has been authorized by the legislature by statutes of the State of Montana in a different manner.

While this action is brought both on minimum wage and sex discrimination issues, the appellants are precluded under both sex discrimination law and the Fair Labor Standards Act from recovering in this action.

The District Court is affirmed.

_____
                        Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices