Phil LENTZ, Plaintiff,

v.

Tony ANDERSON, et al., Defendants.

No. 3:93CV7274.

United States District Court,
N.D. Ohio,
Western Division.

March 17, 1995.

J. Dean Carro, University of Akron, Akron, OH, for plaintiff.

Gary D. Andorka, Sr., Office of the Atty. Gen., Columbus, OH, for Tony Anderson, Charles Mustard, Reginald Wilkinson and George Voinovich.

## MEMORANDUM & ORDER

CARR, District Judge.

This action is before the court on defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56(b), plaintiff's motion contra to defendants' motion for summary judgment, and defendants' reply. For the following reasons, defendants' motion for summary judgment shall be denied in part and granted in part.

Plaintiff alleges that defendants' refusal to pay prison inmates minimum wage violates the Fair Labor Standards Act (FLSA), and plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff further contends that inadequate ventilation, substandard working conditions, and Ohio Prison Industries' (OPI) failure to heed the advice of plaintiff's physician not to send plaintiff back to work violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff

seeks both injunctive relief and monetary damages.

The first issue is whether plaintiff, working within a state correctional facility as part of a prison industry program, is an employee of the prison within the meaning of the FLSA, and thus entitled to minimum wage.[1]

Defendants move for summary judgment, claiming that plaintiff fails to state a claim upon which relief can be granted because state prison inmates are not employees of the state or the prison, and thus are not entitled to the federal minimum wage established under the FLSA. *See McMaster v. State of Minn.*, 30 F.3d 976, 980 (8th Cir.1994) (inmates who are required to work as part of their sentences and perform labor within a correctional facility as part of a state-run prison industries program are not "employees" of the state or prison within the meaning of the FLSA). Under the Minnesota law used in *McMaster*, inmates have no choice of whether to work or not, thus no employment relationship exists. Minn.Stat. § 243.18(2) (1993). I look to Ohio law to determine whether a similar statute exists in Ohio which indicates plaintiff's employee status.

■ The Ohio Department of Rehabilitation and Correction is directed to establish programs "for the employment in some form of labor of as many prisoners as possible who are in the custody of the department." 51 O.R.C. § 5145.16(A) (1994). As plaintiff notes, § 4111.01(E), guided by the FLSA, defines employees as "any individual employed by an employer". 41 O.R.C. § 4111.01(E) (1991). The courts agree that the following circumstances indicate the non-existence of an employer-employee relationship:

1. when a prison has primary control over inmates, and

2. the prison determines the hours and nature of the work to be performed, and

3. payment of compensation is made to the state rather than to the inmates, and

4. no contractual relationship exists between the outside company and the inmates, and

5. when the outside company does not have a right to select or reject an inmate assigned to work.

*Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990); *Alexander v. Sara, Inc.*, 721 F.2d 149 (5th Cir.1983); *Sims v. Parke Davis & Co.*, 334 F.Supp. 774 (E.D.Mich.), aff'd, 453 F.2d 1259 (6th Cir.1971); *Hudgins v. Hart*, 323 F.Supp. 898 (E.D.La.1971).

■ The following factors show that no Employer–Employee relationship existed between the OPI and plaintiff:

1. OPI's control and daily log of exactly where each prisoner was located during the day is a satisfactory showing of primary control over the inmates, and

2. the forms in evidence state that plaintiff had to apply for his job and maintain a particular work schedule, thus demonstrating that OPI determined the hours and nature of plaintiff's work, and also showing that OPI selected which inmates worked, and

3. because OPI's contract with the private business Toys of Yesteryear is the only evidence presented of a contract with a private business, the inmates cannot claim minimum wage protection resulting from a non-existent contract between themselves and a private business.

■ Plaintiff, therefore, is not an employee of the prison, and consequently is not entitled to be paid minimum wage under the FLSA. Also, case law does not support plaintiff's allegation that prison officials' failure to pay inmates minimum wage is an element of an Eighth Amendment claim of cruel and unusual punishment. *X v. Brierley*, 457 F.Supp. 350 (1978 E.D.Pa.) (payment to inmates of very low wages did not amount to cruel and unusual punishment).

■ Defendants also contend that plaintiff's inadequate ventilation claim fails to implicate the Eighth amendment, because plaintiff does not demonstrate how the ac-

---

1. Plaintiff's fellow inmates in this OPI state correctional facility have not been certified as a class.

tions of any particular defendant were deliberately indifferent. Defendants argue that "an Eighth Amendment claim is stated only when an inmate is deprived of 'a minimal civilized measure of life's necessities' such as food, shelter, or basic care", *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981), and only when prison officials have been deliberately indifferent to such deprivations. *Wilson v. Seiter*, 498 U.S. 808, 111 S.Ct. 41, 112 L.Ed.2d 17 (1990) (a prisoner must show a culpable state of mind on the part of prison officials).

Eighth Amendment claims have been based on inadequate ventilation. *See Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985); *Lightfoot v. Walker*, 486 F.Supp. 504 (E.D.Wis.1980); *Clemmons v. Bohannon*, 918 F.2d 858 (10th Cir.1990) (state[s are] under a constitutional mandate to take reasonable steps to provide a safe and sanitary environment for those incarcerated).

Defendants contend that Molly Febus' [the OPI Environmental/Safety Manager] affidavit establishes that OPI employees do not suffer from a deprivation of a minimal civilized measure of life's necessities. Plaintiff counters with his own allegations and his fellow inmates' affidavit supporting contentions of recommended precautionary measures listed on the paint cans and safety data sheets used in the work area, and the subsequent health problems experienced by inmates after the precautions were not followed. These statements indicate that there is a genuine factual issue of whether OPI inmates suffer from inadequate ventilation. Summary judgment will not be granted on the Eighth Amendment inadequate ventilation claim.

Plaintiff also alleges that his physician Dr. Shutte advised defendant prison officials not to send plaintiff back to work. This is supported by Robert Martin's affidavit contending that plaintiff was sent back to work in a poorly ventilated area against Dr. Shutte's advice. Plaintiff provides evidence that prison officials were more than merely negligent when they deliberately defied the express instructions of plaintiff's doctor. Defendants have not specifically addressed or requested summary judgment on this issue, therefore summary judgment is not granted on this Eighth Amendment claim.

The Supreme Court has clearly indicated that the doctrine of respondeat superior is only a basis for liability under 42 U.S.C. § 1983 if there are allegations and proof of personal complicity. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976); *Wilson v. Beebe*, 612 F.2d 275, 276 (6th Cir. 1980); *Coffy v. Multi–County Narcotics Bureau*, 600 F.2d 570, 580 (6th Cir.1979). Because there is no evidence that Governor Voinovich, Department of Rehabilitation and Correction Director Wilkinson, OPI Director Anderson, and OPI Manager Mustard were personally involved in the prison's decision-making process which led to plaintiff's allegations of cruel and unusual punishment, they will be dismissed from any § 1983 liability.

For the reasons set forth above, it is

ORDERED THAT defendants' motion for summary judgment be and the same is hereby granted with regards to plaintiff's claim that his FLSA and Eighth Amendment rights were violated when he and his fellow inmates were not paid minimum wage, and it is

FURTHER ORDERED THAT defendants' motion for summary judgment be and the same hereby is denied without prejudice to renew, with regards to plaintiff's Eighth Amendment claim of cruel and unusual punishment with respect to inadequate ventilation and failure to heed the prison physician's medical instructions, and it is

FURTHER ORDERED THAT the motion for summary judgment by defendants Voinovich, Wilkinson, Anderson, and Mustard be and the same is hereby granted with regards to any § 1983 liability.

So ordered.