FILED

07/25/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0119

DA 17-0119

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 183N

EUGENE FORD,

Plaintiff and Appellant,

v.

REGINALD MICHAEL (Director), Dept. of
Corrections, MICHAEL FLETCHER
(Warden), Montana State Prison, KEN
ARNOLD (Facility Main. Manager), and
ROYCE SKOLCOLIK (Maintenance
Manager),

Defendants and Appellees.

APPEAL FROM:     District Court of the Third Judicial District,
                 In and For the County of Powell, Cause No. DV-15-48
                 Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Eugene Ford, Self-Represented, Deer Lodge, Montana

        For Appellee:

            Rebekah J. French, Special Assistant Attorney General, Risk Management
            & Tort Defense Division, Helena, Montana

                            Submitted on Briefs:   June 28, 2017
                                       Decided:   July 25, 2017

Filed:

_____
                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Eugene Ford, an inmate at Montana State Prison, appeals the Third Judicial District Court's order dismissing his discrimination complaint against Prison officials for failure to state a claim.[1] We affirm.

¶3 Ford works on the yard crew within the Prison's perimeter. The Department of Corrections revised its inmate pay classification scale in 2011 in order to address budgetary issues and incentivize good behavior. The revisions increased wages for inmates working outside the Prison's perimeter and therefore did not apply to Ford. Ford exhausted his administrative grievance remedies after learning that he would not receive a wage increase. He filed a complaint alleging discrimination and denial of equal protection because he asserted that he did not receive the same wages as other inmates doing essentially the same work outside the Prison's perimeter.

¶4 The State moved to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6). The District Court granted the State's motion. Relying on §§ 50-30-151 and -152, MCA, and *Quigg v. South*, 243 Mont. 218, 793 P.2d 831 (1990), the court reasoned that, as an

---

[1] We have amended the caption to include the current Director of the Department of Corrections and the new Warden of the Prison.

2

inmate, Ford did not have a right to be paid for the work he did at the Prison. As such, the court determined that it could not grant Ford the relief he requested—to be paid the same wage as those inmates doing work outside the Prison's perimeter.

¶5 We review a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) de novo. *Western Sec. Bank v. Eide Bailly LLP*, 2010 MT 291, ¶ 18, 359 Mont. 34, 249 P.3d 35. In so doing, we construe the complaint in the light most favorable to the plaintiff and take as admitted all well-pleaded factual allegations. *Western Sec. Bank*, ¶ 55.

¶6 Montana statute provides that an inmate may be required to "perform general maintenance and repair work on prison grounds and facilities and assist in providing services essential to the administration of the prison." Section 53-30-151(2), MCA. Section 53-30-152, MCA, clarifies that "[a]n inmate working pursuant to 53-30-151 is not an employee, either public or private, and employment rights accorded other classes of workers do not apply to such inmates." This Court has relied on §§ 53-30-151 and -152, MCA, to hold that "prison inmates cannot, under the theory of a civil deprivation, recover minimum wages for labor since the work has been authorized by the legislature by statutes." *Quigg*, 243 Mont. at 220, 793 P.2d at 832.

¶7 As the District Court concluded, Ford cannot "avoid the effect" of §§ 53-30-151 and -152, MCA, by relying upon discrimination and equal protection claims. *Quigg*, 243 Mont. at 220, 793 P.2d at 832. Under § 53-30-152, MCA, Ford does not have a right to be paid for the work he performed at the Prison. Consequently, Ford does not have a right to receive the same wage as those inmates working outside the Prison's perimeter.

3

The District Court correctly concluded that Ford's complaint failed to state a claim upon which relief could be granted.

¶8 Ford asserts that *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073 (2000), allows him to bring an equal protection claim even though he is not a member of a traditionally recognized protected class. As we have explained before, however, the United States Supreme Court recognized in *Olech* that the plaintiff stated a sufficient claim for relief as a class of one "because of the 'irrational and wholly arbitrary' demand by the village." *Strizich v. Kirkegard*, No. OP 14-0740, 377 Mont. 435, 348 P.3d 171, *2-3 (table) (Nov. 25, 2014) (quoting *Olech*, 528 U.S. at 565, 120 S. Ct. at 1075). Ford "has not presented any claim of spite, ill will or wholly arbitrary action by [Prison] officials." *Strizich*, *3. Taking as true the factual allegations in Ford's complaint, *Western Sec. Bank*, ¶ 55, wages were raised for inmates working outside the Prison's perimeter as an incentive. We "afford prison officials wide-ranging discretion to adopt and enforce rules to preserve order and discipline among inmates." *Strizich*, *3 (citing *Jellison v. Mahoney*, 1999 MT 217, ¶ 12, 295 Mont. 540, 986 P.2d 1089). Adopting a wage increase that incentivizes behavior that would qualify an inmate to work outside the Prison's perimeter is rationally related to preserving order and discipline among inmates. As such, Ford's equal protection claims are without merit as a matter of law.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. We affirm the District Court's order dismissing Ford's complaint.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE