OLIVER PRIEUR, Appellant, v. D.C.I. PLASMA
CENTER OF NEVADA, INC., Respondent.

No. 17448

JOSEPH A. WALSH, Appellant, v. D.C.I. PLASMA
CENTER OF NEVADA, INC., Respondent.

No. 17501

November 4, 1986 726 P.2d 1372

*Oliver Prieur* and *Joseph A. Walsh*, In Proper Person.

*Rawlings, Olson & Cannon*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

These are proper person appeals from orders of the district court dismissing appellants' complaints for failure to state a cause of action upon which relief could be granted. *See* NRCP 12(b)(5). Because these appeals present identical issues and similar facts, we hereby consolidate them for disposition. *See* NRAP 3(b).

Appellants are both incarcerated by the Nevada Department of Prisons. Pursuant to a private industry work program, they performed services for respondent at its blood plasma facility. On March 6, 1986, appellants filed lawsuits against respondent alleging that during the period they worked for respondent they were paid between twelve and one-half cents ($.12½) and fifty cents ($.50) per hour. Appellants asserted that this rate of pay was below the minimum wage specified in the Nevada Wage and Hour Law and the Fair Labor Standards Act. *See* NRS 608.250; 29 U.S.C. § 206(a)(1) (1982). Appellant Prieur therefore asserted that he was entitled to $6,792.00 in back wages, and appellant Walsh asserted that he was entitled to $1,555.45 in back wages.

Respondent subsequently filed motions to dismiss appellants' complaints. Respondent asserted that the minimum wage laws did not apply to prisoners, and that appellants' complaints failed to state claims upon which relief could be granted. *See* NRCP 12(b)(5). The motions to dismiss were fully briefed and, on June 7, 1986, the district court found that no employment relationship existed between appellant Prieur and respondent. Accordingly, Judge Foley entered an order dismissing appellant Prieur's complaint. Thereafter, on June 26, 1986, Judge Guy entered an order dismissing appellant Walsh's complaint. These appeals followed.

Both the Fair Labor Standards Act and the Nevada Wage and Hour Law require an "employer" to pay minimum wage to an "employee" under specific circumstances; therefore, an entitlement to minimum wage must be predicated on the existence of an employment relationship. *See* NRS 608.250; 29 U.S.C. § 206(a)(1) (1982). *See also* Urban v. Continental Convention & Show Management, 68 N.W.2d 633 (Minn. 1955). To determine whether an employment relationship exists, the "economic reality" of the relationship must be considered. Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28 (1961); Carter v. Dutchess Community College, 735 F.2d 8, 12 (2nd Cir. 1984).

In the present case, NRS 209.461 authorizes the Director of

the Department of Prisons to enter into contracts with private employers for the use of inmates' services. Further, the inmates must apply to the Department of Prisons to be considered for employment in a private industry program. *See* Department of Prisons Administrative Regulation No. 854(V)(D). Finally, inmates who are selected to participate in a private industry program must fill out a form which acknowledges that the inmate "requests to be employed in one of the private industry programs of the Nevada Department of Prisons." Thus, the Department selected appellants for their work assignments with respondent.

In light of the above, we conclude that the Department of Prisons is the sole party to the contract with respondent, and that the Department of Prisons, not respondent, actually determines the rate and method of appellants' compensation. Therefore, under the circumstances of this case, we conclude that no employment relationship existed between appellants and respondent. *See* Alexander v. Sara, Inc., 721 F.2d 149 (5th Cir. 1983). Accordingly, the district court did not err in dismissing appellants' complaints.

Having reviewed the records on appeal, we conclude that appellants cannot demonstrate error in these appeals, and that further briefing and argument are not warranted. *See* Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975), *cert. denied*, 423 U.S. 1077 (1976). Accordingly, we hereby ORDER these appeals dismissed.[1]

---

[1]In light of this disposition, we deny as moot appellant Prieur's request that he be allowed to file an opening brief in proper person.