641 S.E.2d 885

**Darrell WILLIAMS, Class Representative, et al., Appellants,**

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS and Williams Technologies, Inc., Respondents.**

No. 26274.

Supreme Court of South Carolina.

Heard Dec. 5, 2006.

Decided Feb. 26, 2007.

Rehearing Denied March 21, 2007.

Douglas H. Westbrook, of Charleston, for appellants.

Lake E. Summers, of Malone, Thompson & Summers, LLC, of Columbia, for respondent South Carolina Department of Corrections.

Marcus A. Manos and Manton M. Grier, Jr., both of Nexsen Pruet, LLC, of Columbia, for respondent Williams Technologies, Inc.

Justice MOORE:

This class action was commenced on behalf of inmates in custody of respondent South Carolina Department of Corrections (DOC). These inmates participated in a prison industry program operated pursuant to DOC's contract with respondent Williams Technologies, Inc. (WTI). Appellants (Inmates) claim they were underpaid for their labor and seek "lost wages." The trial judge dismissed Inmates' complaint with prejudice based on our decision in *Adkins v. South Carolina Dep't of Corrections*, 360 S.C. 413, 602 S.E.2d 51 (2004). We affirm.

## FACTS

In *Adkins*, we considered a suit by inmates against DOC as the sole defendant. The suit alleged a violation of S.C.Code Ann. § 24–3–430(D) (Supp.2005) which provides that "no inmate participating in [a prison industries] program may earn less than the prevailing wage for work of similar nature in the private sector." We held there is no private cause of action for a violation of this statute.[1]

Inmates here alleged a cause of action under the South Carolina Payment of Wages Act, S.C.Code § 41–10–20 et seq. (Supp. 2005) claiming lost wages because they were not paid the "prevailing wage" as specified in § 24–3–430(D).[2] They claim the trial judge should not have dismissed this cause of action against WTI.[3]

---

1. In the companion case of *Wicker v. South Carolina Dep't of Corrections*, 360 S.C. 421, 602 S.E.2d 56 (2004), we further held that inmates may not be deprived of this property interest without due process; accordingly, inmates were directed to file grievances if they wished to protest DOC's failure to pay a prevailing wage.

2. Inmates concede that DOC was authorized to negotiate wages for inmate labor at less than the prevailing wage pursuant to budget provisos passed by the General Assembly for fiscal years 2001–2002 and 2002–2003. There are similar provisions in each budget passed to the present.

3. In *Adkins*, we noted § 24–3–430(F) provides that an inmate is not considered an "employee" of the State and therefore no cause of action could be maintained against DOC under the Payment of Wages Act. 360 S.C. at 420, n. 7, 602 S.E.2d at 55, n. 7.

## ISSUE

Do inmates have a cause of action under the Payment of Wages Act?

## DISCUSSION

The Payment of Wages Act requires that every employer "notify each employee in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made...." § 41–10–30. Every employer shall pay wages due at the time and place designated by this notice. § 41–10–40(D). There is no provision regarding the payment of a statutorily required wage.

■ Whether a private industry sponsor and the inmates in a prison industries program have an employer-employee relationship for purposes of the Payment of Wages Act is a novel issue. Inmates ask us to find such a relationship based on the test for employment set out in *Felts v. Richland County*, 303 S.C. 354, 400 S.E.2d 781 (1991). This test includes four factors: (1) the right to, or exercise of, control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. Inmates point to provisions in the contract between DOC and WTI that indicate WTI's right to control inmate workers. For instance, the contract provides that WTI provides worker training and supervisory staff to oversee work product quality, and WTI furnishes the equipment upon which the work is performed. Although DOC screens and selects the inmates who will participate, WTI "reserves the right to have [DOC] remove and replace inmate workers based on job performance." Inmates contend the contract provisions stating that inmates are *not* to be considered employees of WTI do not control.

■ We find the *Felts* four-part test is not determinative of employer status in the context of the Payment of Wages Act. This Act, by its very title, is concerned specifically with the *payment* of wages and is directed to the entity responsible for such payment. *See Williams v. Grimes Aerospace Co.*, 988 F.Supp. 925, n. 13 (D.S.C.1997) (holding that corporation for whom work was performed was not liable under South Car-

olina Payment of Wages Act where temporary agency "handled all payment of wages").

Here, the payment of inmate wages is exclusively within the control of DOC and not WTI. The contract provides that WTI will pay DOC a flat rate of $4.00 per hour per inmate and that DOC is responsible to pay inmate workers and handle payroll deductions. Of even greater significance is the fact that the legislature has specifically mandated how inmate wages for prison industry labor are to be handled. Section 24–3–40 (Supp. 2005) provides:

**Disposition of wages of prisoner allowed to work at paid employment.**

(A) Unless otherwise provided by law, the employer of a prisoner authorized to work at paid employment ... in a prison industry program provided under Article 3 of this chapter *shall pay the prisoner's wages directly to the Department of Corrections.*

(emphasis added). This section also includes specific deductions from inmate wages that are to be made by the Director of DOC, including restitution to victims, payment to the State Office of Victim Assistance, child support, and state and federal taxes. Clearly, by contract and by statute, DOC is the only entity responsible for the payment of inmate wages.

Other state courts have held for purposes of wage statutes that inmates compensated by the prison are not the employees of prison industry sponsors. *See Manville v. Bd. of Governors of Wayne State Univ.*, 85 Mich.App. 628, 272 N.W.2d 162 (1978) (rate of compensation for prison labor determined under state Correctional Industries Act, not Minimum Wage Law where Department of Corrections unilaterally set wage scale and work hours); *Prieur v. D.C.I. Plasma Center of Nevada, Inc.*, 102 Nev. 472, 726 P.2d 1372 (1986) (prison laborer barred from pursuing claim against prison industry sponsor under state wage and hour law where Department of Prisons determined rate and method of compensation). Federal courts have come to the same result under the Federal Labor Standards Act. *E.g., Henthorn v. Dep't of Navy*, 29 F.3d 682 (D.C.Cir.1994); *Harker v. State Use Indus.*, 990 F.2d 131 (4th Cir.1993); *Gilbreath v. Cutter Biological, Inc.*, 931

F.2d 1320 (9th Cir.1991); *George v. SC Data Center, Inc.*, 884 F.Supp. 329 (W.D.Wis.1995).

In conclusion, Inmates cannot maintain an action against WTI under the Payment of Wages Act since WTI is not the entity responsible for paying their wages. We affirm Inmates' remaining issues under Rule 220(b)(1), SCACR. *See Adkins, supra* (prevailing wage statute was not enacted for the special benefit of inmates but was intended to prevent unfair competition and aid the public in general).

**AFFIRMED.**

TOAL, C.J., WALLER and BURNETT, JJ., concur.
PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES, dissenting:

I respectfully dissent. As I explained in my concurring opinion in *Adkins v. South Carolina Dep't of Corrections*, 360 S.C. 413, 602 S.E.2d 51 (2004), I would hold that the inmates' remedy is found in the South Carolina Payment of Wages Act, S.C.Code Ann. §§ 41–10–10, *et seq.* (Supp. 2005).

To hold that the payment of wages is exclusively within the control of the DOC ignores the language of S.C.Code Ann. § 24–3–40 (Supp.2005). That statute provides "the employer of a prisoner authorized to work . . . . in a prison industry program . . . . shall pay the prisoner's wages directly to the Department of Corrections" and then requires the DOC to distribute those wages to inmates on behalf of the employer. Thus, the ultimate responsibility for paying wages falls on the prison industry sponsor, while the DOC merely acts as a conduit for payment to the inmates.

Under the Payment of Wages Act, "Employer" is defined as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this State, the State or any political subdivision thereof, and any agent or officer of the above classes employing any person in this State." S.C.Code Ann. § 41–10–10(1). In my opinion, this definition includes both the employer, WTI, and its agent, the DOC. Accordingly, I would hold that both WTI and the DOC are subject to the inmates' claims made pursuant to the Payment of Wages Act.