135 Nev., Advance Opinion 67

IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRELL E. WHITE, AN
INDIVIDUAL,
Appellant,
vs.
STATE OF NEVADA, DIVISION OF
FORESTRY; AND CANNON COCHRAN
MANAGEMENT SERVICES, INC.,
A/K/A CCMSI, A FOREIGN
CORPORATION,
Respondents.

No. 76737

FILED

DEC 26 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



Appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Affirmed.*

Gallian Welker & Beckstrom and Travis N. Barrick, Las Vegas,
for Appellant.

Lewis Brisbois Bisgaard & Smith LLP and Daniel L. Schwartz and Joel P. Reeves, Las Vegas,
for Respondents.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-52126

*OPINION*

By the Court, HARDESTY, J.:

We are asked to determine whether a person who suffers an industrial injury while incarcerated but who subsequently is released and seeks workers' compensation disability benefits due to that injury is entitled to have the benefits calculated at the minimum wage guaranteed under the Nevada Constitution. Under the modified workers' compensation program for prisoners, NRS 616B.028, the amount of compensation a prisoner may receive upon release is based on the average monthly wage the prisoner actually received as of the date of the injury. The fact that this wage may be low—here $22.93, amounting to a daily wage of $0.50—does not permit the administrative appeals officer to recalculate the average monthly wage at an amount the prisoner did not actually receive. Therefore, we affirm the district court's order denying the petition for judicial review.

## FACTS AND PROCEDURAL HISTORY

In December 2015, while incarcerated in the Nevada Department of Corrections (NDOC), appellant Darrell White injured his right middle finger while working for respondent Nevada Division of Forestry through an NDOC work program. White timely filed a workers' compensation claim, and the Division of Forestry's insurance carrier, respondent Cannon Cochran Management Services, Inc., accepted White's claim. In July 2016, White was released from NDOC. White retained counsel and notified Cannon Cochran he had had trouble receiving medical care while incarcerated and now wished to be seen by a medical provider to rehabilitate his finger. Cannon Cochran scheduled him to be seen by a medical professional. From August 6, 2016, until December 28, 2016,

SUPREME COURT
OF
NEVADA

(O) 1947A

totaling 144 days, White was deemed temporarily totally disabled for the injuries sustained while he was incarcerated.

Cannon Cochran notified White it had calculated his total wages to be "$69.30" from October 1 through December 31, 2015, with an average monthly wage calculation of "$22.93 for a daily rate of $0.50." White administratively appealed Cannon Cochran's calculation and argued that his wage should have been calculated at $7.25 per hour—the minimum wage at the time of his injury. The thrust of his argument was that NRS 616B.028, the modified workers' compensation program for persons who are injured while incarcerated, controlled his rate of compensation only during incarceration. White argued the statute did not detail what happens after incarcerated persons are released but are still injured from an accident that occurred while incarcerated. White contended that his monthly wage for the purpose of disability benefits should be set at no less than the minimum wage guaranteed by the Minimum Wage Amendment to the Nevada Constitution. The State disputed White's constitutional argument, claiming the date of his injury controlled the calculation of workers' compensation and he was therefore entitled to $0.50 a day, his wage while incarcerated. The State further argued that White could not have his calculation shifted simply because White believed the calculation was unfair; instead, the State averred that there must be a statute to support the argument.

The appeals officer denied White's appeal and affirmed Cannon Cochran's calculation. The appeals officer found "there is no doubt that claimant, subsequent to release from custody, was declared unable to work," but reasoned that White "entered into this 'employment' at the wage set by the work program/prison industry" and his benefits were set by the wages

he earned while working for the Division of Forestry. The appeals officer concluded that Cannon Cochran correctly calculated White's average monthly wage because, under NRS 616B.028(2), coupled with NRS 616C.425, "the amount of compensation [owed to White] must be determined as of the date of the accident."

White petitioned for judicial review in the district court and reiterated the constitutional claim he had raised at the administrative level. The State rebutted his arguments again on the grounds that the modified workers' compensation program under NRS 616B.028(2), along with NRS 616C.425(1), controlled White's daily wage calculation at $0.50 a day.

The district court affirmed the appeals officer's decision and denied the petition for judicial review. The district court found that, although NRS 616B.028 does not specifically address benefits after a prisoner has been released from custody, NRS 616C.500(2) addresses the issue by providing that prisoners "are entitled to receive [workers' compensation] benefits if the injured employee is released from incarceration during the period of disability." The district court rejected White's constitutional argument and instead relied on NRS 616C.425(1), finding average monthly wage calculations are determined by the date of accident. The district court held neither Cannon Cochran nor the appeals officer erred in White's wage calculation.

White appeals to this court. Following oral argument, we ordered simultaneous supplemental briefing on the issue of whether the definition of "wages" in NAC 616B.964 violates the Minimum Wage Amendment to the Nevada Constitution.

### DISCUSSION

"This court reviews an administrative decision in the same manner as the district court." *State, Dep't of Motor Vehicles v. Taylor-*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

*Caldwell*, 126 Nev. 132, 134, 229 P.3d 471, 472 (2010). Accordingly, "an administrative appeals officer's determination of questions of law, including statutory interpretation, [are reviewed] de novo." *City of N. Las Vegas v. Warburton*, 127 Nev. 682, 686, 262 P.3d 715, 718 (2011). However, "this court defer[s] to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Taylor v. State, Dep't of Health & Human Servs.*, 129 Nev. 928, 930, 314 P.3d 949, 951 (2013) (alteration in original) (internal quotation marks omitted).

NRS 616B.028 provides for a modified workers' compensation program for prisoners who incur workplace injuries while incarcerated. The statute mandates that the Division of Industrial Relations of the Department of Business and Industry (the Division) "adopt regulations setting forth a modified program of industrial insurance to provide offenders with industrial insurance against personal injuries arising out of and in the course of their work" while incarcerated.[1] NRS 616B.028(3); *see*

---

[1] A review of the legislative history of this statute reveals that this modified workers' compensation program for prisoners stemmed from a desire to cut costs from the fire preservation programs within the Division of Forestry and reduce civil rights litigation arising from injuries sustained by inmates while fighting fires. The hearings surrounding the bills to enact the benefits program did not evidence a concern about compensating the inmates for their injuries, but rather focused on limiting liability for those injuries. *See* Hearing on S.B. 458 Before the Senate Commerce & Labor Comm., 68th Leg. (Nev., June 27, 1995) (noting that the ability of prisoners, whose medical care is covered in the prison system, to sue the Division of Forestry for failure to train and having inadequate equipment "is a legal loophole" needing to be filled); Hearing on A.B. 587 Before the Assembly Comm. on Labor & Mgmt., 68th Leg. (Nev., June 6, 1995) ("[I]ndividuals who worked for the Division of Forestry, in work camps, were not '. . . covered by exclusive remedy . . . .'").

*also* NRS 616A.100 (defining the "Division"). Inmates are "limited to the rights and remedies established by the provisions of the modified program of industrial insurance established by regulations adopted by the Division" and are "not entitled to any rights and remedies" of Nevada's workers' compensation laws set forth in NRS Chapters 616A through 617. NRS 616B.028(2).

As mandated, the Division adopted NAC 616B.960-.986 detailing the modified workers' compensation program for prisoners who are injured during their work in the prison industry program. NAC 616B.960. Under these regulations, payment of disability compensation begins only after the prisoner is discharged from custody or released on parole. NAC 616B.972(3). The amount of compensation must be determined as of the date of injury and is based on the "average monthly wage" received on that date. NRS 616A.065(1); NRS 616C.425; *see also* NAC 616B.962 (applying statutes and regulations in NRS Chapters 616A to 617 to the calculation of prisoners' benefits to the extent they do not conflict with the regulations for the prisoners' modified program). NAC 616B.964(1) defines a prisoner's "wages" as "the money [a prisoner] earns in the prison industry program before any deductions are made from those earnings." Wages do not include "[t]he value of room and board, medical care and other goods and services provided by the Department of Corrections," "[t]he value of good time earned towards" sentence reduction, or "[i]ncome from any source other than the prison industry program." NAC 616B.964(2)(a)-(c).

Turning to the calculation of White's compensation under the modified program, the record shows that his average monthly wage at the time of the injury was based on his gross earnings, without any deductions

for room and board, medical care, or good time credits while he was incarcerated. White's gross earnings were $69.30 from October 1, 2015, through December 31, 2015, resulting in an average monthly wage of $22.93. White does not dispute that $22.93 correctly reflects the average monthly wage he received as of the date of his injury.[2] Instead, the only argument White has raised is that this calculation is unfair because he is no longer incarcerated and his wage should be recalculated and set to at least the state minimum wage. However, the date of injury and the wages earned by a claimant at that time control the calculation of a prisoner's workers' compensation benefits, NRS 616C.425(1); NAC 616B.964(1), and nothing in the regulations or statutes permits Cannon Cochran or the appeals officer to ignore the wage actually received at the time of the injury.[3] *Cf.* NAC 616B.982 (precluding an offender from reopening a workers' compensation claim on the ground that the wage earned during incarceration is low).

White's counsel stated throughout briefing and oral argument that White was not challenging the underlying wage he earned while

---

[2]We note that neither Cannon Cochran, nor the appeals officer, nor the district court cited or relied upon the administrative code provision that specifically applies to a prisoner's workers' compensation calculation. Nevertheless, we conclude that their calculation was in accordance with NAC 616B.964. *Cf. Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

[3]To the extent White argues that the date of injury is not controlling because he was not on work restriction following the injury, he provides no authority for his alternative method for calculating the average monthly wage.

incarcerated. Despite this claim, the result White seeks would require us to disturb the underlying wage and conclude the wages he earned while incarcerated were unconstitutional. Whether inmates are entitled to the minimum wage under our constitution is an open question in Nevada, and we conclude that a workers' compensation benefits challenge is not the proper vehicle for us to resolve this question. The Legislature has afforded White—and all Nevadans—a detailed scheme to challenge unlawful wages. *See generally* NRS Chapters 606-618 (detailing Nevada's Labor and Industrial Relations statutory scheme). Because White improperly collaterally challenges the wages he earned in the workers' compensation context, instead of directly challenging the wages he earned from his employer, NDOC, we decline to consider this argument. *See Prieur v. D.C.I. Plasma Ctr. of Nev., Inc.*, 102 Nev. 472, 473-74, 726 P.2d 1372, 1372-73 (1986) (affirming the dismissal of litigation by two prisoners after they brought suit against the blood plasma facility where they provided services and not their employer, NDOC).

*CONCLUSION*

The prisoners' workers' compensation statutory scheme requires compensation to be calculated based on the claimant's wages, as defined in NAC 616B.964, on the date of the injury. espite failing to apply NAC 616B.964 during its review, the appeals officer's order affirming Cannon Cochran's calculation of White's average monthly wage was nonetheless correct. We decline to consider White's argument that he was entitled to receive the minimum wage for his work while incarcerated, as collateral challenges to wages in a workers' compensation context are improper.

SUPREME COURT
OF
NEVADA

(O) 1947A

Therefore, we affirm the district court's order denying the petition for judicial review.

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Silver