**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Teri Chappell, as Personal Representative of the Estate of Craig Chappell, on behalf of himself and others similarly situated, Appellant,

v.

Ladles Soups - James Island, LLC; Ladlessoups, LLC; Ladles Soups at Cane Bay, LLC; Ladles Soups at Citadel Mall, LLP; Ladles Soups Calhoun, LLC; Ladles Soups Cane Bay, LLC; Ladles Soups Coosaw, LLC; Ladles Soups Downtown Charleston, LLC; Ladlessoups Fresh Fields, LLC; Ladles Soups @ Freshfields Village, LLC; Ladlessoups Mainstreet, LLC; Ladles Soups Moncks Corner, LLC; Ladlessoups Mount Pleasant, LLC; Ladles Franchise Development, LLC; Ladles Franchising, Inc.; Ladles Fort Mill, LLC; Ladles Knightsville, LLC; Ladles West Ashley; Teri Owens; Sue Allen; Tracy Allen; Steve Traeger; Erik Dyke; Julie Dyke; Stan Sutton; Carol Sutton; Jason Dalter; Kellie Henderson; Jane Doe 1-25 (Unknown Operating Company and Management Company Owners); John Doe 25-40 (Management Personnel), Defendants,

Of Which Ladlessoups Mount Pleasant, LLC, Erik Dyke, and Julie Dyke, are Respondents.

and

Teri Chappell, as Personal Representative of the Estate of Craig Chappell, on behalf of himself and others similarly situated, Appellant,

v.

Ladles Soups - James Island, LLC; Ladlessoups, LLC; Ladles Soups at Cane Bay, LLC; Ladles Soups at Citadel Mall, LLP; Ladles Soups Calhoun, LLC; Ladles Soups Cane Bay, LLC; Ladles Soups Coosaw, LLC; Ladles Soups Downtown Charleston, LLC; Ladlessoups Fresh Fields, LLC; Ladles Soups @ Freshfields Village, LLC; Ladlessoups Mainstreet, LLC; Ladles Soups Moncks Corner, LLC; Ladles Franchise Development, LLC; Ladles Franchising, Inc.; Ladles Fort Mill, LLC; Ladles Knightsville, LLC; Ladles West Ashley; Teri Owens; Sue Allen; Tracy Allen; Steve Traeger; Erik Dyke; Julie Dyke; Stan Sutton; Carol Sutton; Jack Dalter; Kellie Henderson; Jane Doe 1-25 (Unknown Operating Company and Management Company Owners); John Doe 25-40 (Management Personnel), Defendants,

Of Which Ladles Franchising, Inc., Ladlessoups, LLC, Sue Allen, and Tracy Allen, are Respondents.

and

Teri Chappell, as Personal Representative of the Estate of Craig Chappell, on behalf of himself and others similarly situated, Appellant,

v.

Ladles Soups - James Island, LLC; Ladlessoups, LLC; Ladles Soups at Cane Bay, LLC; Ladles Soups at Citadel Mall, LLP; Ladles Soups Calhoun, LLC; Ladles Soups Cane Bay, LLC; Ladles Soups Coosaw, LLC; Ladles Soups Downtown Charleston, LLC; Ladlessoups Fresh Fields, LLC; Ladles Soups @ Freshfields Village, LLC; Ladlessoups Mainstreet, LLC; Ladles Soups Moncks Corner, LLC; Ladles Franchise Development, LLC; Ladles Franchising, Inc.; Ladles Fort Mill, LLC; Ladles Knightsville, LLC; Ladles West Ashley; Teri Owens; Sue Allen; Tracy Allen; Steve Traeger; Erik Dyke; Julie

Dyke; Stan Sutton; Carol Sutton; Jack Dalter; Kellie Henderson; Jane Doe 1-25 (Unknown Operating Company and Management Company Owners); John Doe 25-40 (Management Personnel), Defendants,

Of Which Ladles Soups Coosaw, LLC, Ladles Soups Downtown Charleston, LLC, Ladlessoups Fresh Fields, LLC, Ladles Soups @ Freshfields Village, LLC, Ladles Soups Moncks Corner, LLC, Ladles Franchise Development, LLC, Ladles Fort Mill, LLC, Ladles Knightsville, LLC, Ladles West Ashley, Steve Traeger, Stan Sutton, Carol Sutton, and Kellie Henderson, are Respondents.

Appellate Case No. 2020-000201

———————————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————————

Opinion No. 2023-UP-277
Heard May 9, 2023 – Filed August 2, 2023

———————————

**AFFIRMED**

———————————

Benjamin Scott Whaley Le Clercq and David D. Ashley, both of the Le Clercq Law Firm, P.C., of Mount Pleasant, for Appellant.

Peter Brandt Shelbourne, of Shelbourne Law Firm, of Summerville, for Respondents Ladlessoups Mount Pleasant, LLC, Erik Dyke, and Julie Dyke.

Kerry W. Koon, of Kerry W. Koon, Attorney at Law, and Michael Evan Lacke, of Lacke Law Firm, LLC, both of Charleston, for Respondents Ladles Franchising Inc., Ladlessoups, LLC, Sue Allen, and Tracy Allen.

Paul B. Ferrara, III, and Janel Kleinhardt Ferrara, both of Ferrara Law Firm, PLLC, of North Charleston, for Respondents Ladles Soups Coosaw, LLC, Ladles Soups Downtown Charleston, LLC, Ladlessoups Fresh Fields, LLC, Ladles Soups @ Freshfields Village, LLC, Ladles Soups Moncks Corner, LLC, Ladles Franchise Development, LLC, Ladles Fort Mill, LLC, Ladles Knightsville, LLC, Ladles West Ashley, Steve Traeger, Stan Sutton, Carol Sutton, and Kellie Henderson.

---

**PER CURIAM:** Teri Chappell (Appellant), as the Personal Representative of the Estate of Craig Chappell,[1] appeals circuit court orders granting summary judgment to Respondents[2] in this class-action lawsuit against multiple locations and entities of Ladles Soups. As to all Respondents, Appellant argues the circuit court erred in (1) granting summary judgment because Appellant did not have a full and fair opportunity to complete discovery and (2) finding Appellant lacked standing. As to the Mount Pleasant Respondents and the Charleston Respondents, Appellant argues the circuit court additionally erred in granting summary judgment because the court had not heard Appellant's motion for class certification. As to the Mount Pleasant Respondents and the Franchising Respondents, Appellant argues the circuit court erred in not finding an issue of triable fact for the jury existed. As to the Franchising Respondents, Appellant argues the circuit court erred in granting summary judgment because the Franchising Respondents were employers liable under the South Carolina Payment of Wages Act (SCPWA).[3] Finally, as to the

---

[1] Chappell died on September 27, 2020, while these appeals were pending. Teri Chappell was substituted as the Appellant by order filed January 7, 2021.

[2] Ladlessoups Mount Pleasant, LLC, Erik Dyke, and Julie Dyke (the Mount Pleasant Respondents); Ladles Franchising Inc., Ladlessoups, LLC, Sue Allen, and Tracy Allen (the Franchising Respondents); Ladles Soups Coosaw LLC, Ladles Soups Downtown Charleston, LLC, Ladlessoups Fresh Fields LLC, Ladles Soups @ Freshfields Village, LLC, Ladles Soups Moncks Corner LLC, Ladles Franchise Development, LLC, Ladles Fort Mill, LLC, Ladles Knightsville LLC, Ladles West Ashley, Steve Traeger, Stan Sutton, Carol Sutton, and Kellie Henderson (the Charleston Respondents) (collectively, Respondents).

[3] S.C. Code Ann. § 41-10-10, et seq. (2021).

Charleston Respondents, Appellant argues the circuit court erred in failing to deem admitted certain requests for admission. We affirm.[4]

**FACTS**

Chappell was an employee at the Ladles Soups restaurant on James Island and was paid an hourly wage, plus tips. Although Chappell worked for and earned credit card and cash tips, he was allowed to retain only some cash tips while the restaurant retained the credit card tips. Chappell asserted he was immediately terminated when he complained about the policy of withholding credit card tips.

On February 14, 2018, Chappell brought a lawsuit against Respondents on behalf of himself and others similarly situated, alleging class-action causes of action for failure to pay wages under the SCPWA, breach of contract, and conversion. Chappell alleged Ladles Soups, as part of a company-wide policy, wrongfully and intentionally withheld credit card tips that were rightfully intended for himself and others similarly situated in violation of the SCPWA. It is undisputed that Chappell was an employee of Ladles Soups James Island only, and he was never employed by any other Ladles Soups store. Each Ladles Soups is independently owned and operated, and Chappell had no contractual relationship with any of the defendants except Ladles Soups James Island, which is not a respondent in these appeals.

Numerous of the Respondents testified in depositions. Julie Dyke, co-owner with Erik Dyke of Ladlessoups Mount Pleasant, LLC, testified that she and Erik were the sole members of Ladlessoups Mount Pleasant, a separate franchise. Dyke stated Chappell never worked at Ladlessoups Mount Pleasant. She testified that each month, all credit card tips for Ladlessoups Mount Pleasant are "distributed among all the employees based on how many hours they work." She also testified she attended meetings once or twice a year with the Ladles Soups franchisor and other Ladles Soups franchisees where a tipping policy and wages were discussed. At an October 29, 2019 hearing, the Mount Pleasant Respondents' counsel stated that they "turn over the tips, the credit card tips, through a bonus program to the employees." Sue Allen, a Franchising Respondent and Chief Executive Officer of Ladles Franchising, testified that while she owned Ladles Soups locations, she paid

---

[4] We consolidate these appeals under appellate case number 2020-000201. *See* Rule 214, SCACR ("Where there is more than one appeal from the same order, judgment, or decree, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order the appeal to be consolidated.").

her employees hourly wages and retained the credit card tips to subsidize the employees' hourly wage.  The employees split the cash tips.  However, Allen stated there was no company-wide policy concerning the handling of credit card or cash tips.

Non-respondents also testified in depositions.  Corey Paul, a franchise owner, testified that his employees did not get credit card tips, but they received cash tips as an added bonus to their hourly wage.  Paul explained that employees were hired as non-tipped employees.  Teri Owens, owner of Ladles Soups James Island, stated the credit card tips went into the business to pay employees a higher pay rate and the cash tips were kept by the employees.

Chappell filed a motion for an extension of time to serve the summons and complaint on June 13, 2018, when he was unable to effect service on all parties. The Mount Pleasant Respondents filed their answer to the complaint on June 20, 2018.  The Franchising Respondents filed an answer on August 1, 2018.  The Charleston Respondents filed six separate answers on July 18 and 26, 2018.

On July 24, 2018, the Charleston Respondents filed a motion to disallow class certification and a motion to dismiss improper parties pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.  The circuit court held a hearing on the Charleston Respondents' motions to disallow class certification and to dismiss, and the court denied the motions on January 29, 2019, by form orders.  In denying the motions, the court stated, "the Plaintiff[], despite filing the present action as a 'class action,' never moved . . . to certify the class."  Respondents also filed motions for summary judgment.[5]  On September 11, 2019, Chappell filed a motion for class certification.

By orders issued January 7, 2020, the court denied Chappell's motion for class certification by form order and granted the Mount Pleasant Respondents' motion for summary judgment.  The court granted summary judgment to the Franchising Respondents and the Charleston Respondents by orders filed January 30, 2020, and February 11, 2020.  Chappell moved to reconsider the orders granting summary judgment.  The court denied the motion as to the Charleston Respondents, finding no hearing was necessary.  The records on appeal indicate no hearing was held or

---

[5] The Mount Pleasant Respondents filed their motion on May 28, 2019; the Franchising Respondents filed their motion on August 25, 2019; and the Charleston Respondents filed their motion on August 21, 2019.

orders issued as to the Mount Pleasant Respondents and the Franchising Respondents. These appeals follow.

## STANDARD OF REVIEW

"In reviewing the grant of a motion for summary judgment, appellate courts apply the same standard as the trial court under Rule 56(c), SCRCP." *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003). "[S]ummary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Montgomery v. CSX Transp., Inc.*, 376 S.C. 37, 47, 656 S.E.2d 20, 25 (2008). "In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party." *Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439.

## LAW/ANALYSIS

### I.      Discovery

Appellant argues the circuit court erred in granting summary judgment because Chappell did not have a full and fair opportunity to complete discovery. We disagree.

Rule 56(e), SCRCP, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*See Doe ex rel. Doe v. Batson*, 345 S.C. 316, 320, 548 S.E.2d 854, 856 (2001) (providing that Rule 56(e) "requires a party opposing summary judgment to come forward with affidavits or other supporting documents demonstrating the existence of a genuine issue for trial"); *Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's

case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* (requiring the nonmoving party to "come forward with specific facts showing there is a genuine issue for trial").

Although "summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery[,]" the nonmoving party must demonstrate the "likelihood that further discovery will uncover additional [relevant] evidence" and the party must not be "merely engaged in a 'fishing expedition.'" *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543-44 (1991). This court has explained:

> A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact.

*Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009); *see Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 253, 734 S.E.2d 161, 165 (2012) (finding the appellant "had ample time during discovery to uncover evidence and speak with any potential witnesses . . . [and i]f [the a]ppellant believed he did not have sufficient time, [the a]ppellant should have promptly filed a motion seeking additional discovery time").

Viewing the evidence and its reasonable inferences in the light most favorable to Appellant, we find Chappell did not provide a sufficient reason why further discovery might create a genuine issue for trial. Therefore, we find the circuit court did not err in granting summary judgment. *See Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine.").

## II.    Standing

Appellant argues the circuit court erred in finding Chappell lacked standing. We disagree.

"Standing [is] a fundamental prerequisite to instituting an action . . . ." *Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013). The

burden of proving standing is on the party seeking to establish it. *Town of Arcadia Lakes v. S.C. Dep't of Health & Env't Control*, 404 S.C. 515, 529, 745 S.E.2d 385, 392 (Ct. App. 2013). "Standing . . . may exist by statute, through the principles of constitutional standing, or through the public importance exception." *Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518. "Statutory standing exists, as the name implies, when a statute confers a right to sue on a party, and determining whether a statute confers standing is an exercise in statutory interpretation." *Id.* Constitutional standing, according to the United States Supreme Court, requires the plaintiff meet three factors: (1) "the plaintiff must have suffered an 'injury in fact'"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).[6]

In *Sea Pines Ass'n for the Protection of Wildlife, Inc. v. South Carolina Department of Natural Resources*, 345 S.C. 594, 601-03, 550 S.E.2d 287, 291-92 (2001), our supreme court applied the three-part standing test enunciated in *Lujan*. If statutory standing exists, the *Lujan* factors are inapplicable. *Freemantle v. Preston*, 398 S.C. 186, 193-94, 728 S.E.2d 40, 43-44 (2012). However, when no statute confers standing, the elements of constitutional standing must be met by the plaintiff. *Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518. "Generally, a party must be a real party in interest to the litigation to have standing." *Sloan v. Friends of the Hunley, Inc.*, 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006). "A real party in interest is a party with a real, material, or substantial interest in the outcome of the litigation." *Id.*

Chappell admitted he was employed only by Ladles James Island, LLC; thus, we find under the SCWPA, which requires an employer/employee relationship to maintain a claim, he did not have statutory standing as to Respondents. We also find Chappell had no constitutional standing under the *Lujan* factors because he was not aggrieved by any Respondents. Thus, we find the circuit court did not err in finding Chappell did not have standing. *See Powell ex rel. Kelley v. Bank of*

---

[6] Public importance standing is "conferred upon a party when an issue is of such public importance as to require its resolution for future guidance." *ATC S., Inc. v. Charleston County*, 380 S.C. 191, 198, 669 S.E.2d 337, 341 (2008) (quoting *Davis v. Richland Cnty. Council*, 372 S.C. 497, 500, 642 S.E.2d 740, 741 (2007)). Only constitutional and statutory standing are implicated in this case.

*Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008) (finding a bank did not have standing over escrowed funds because it was not an aggrieved party).[7]

## III. Class Certification

Appellant argues the circuit court erred in granting summary judgment prior to hearing Chappell's motion for class certification and prior to allowing discovery on the class action issues. We disagree.

Rule 23, SCRCP, provides the prerequisites to a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if the court finds (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class, and (5) in cases in which the relief primarily sought is not injunctive or declaratory with respect to the class as a whole, the amount in controversy exceeds one hundred dollars for each member of the class.

---

[7] To the extent Appellant argues this court should adopt the juridical links doctrine as an exception to standing, we find the issue is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Gardner v. S.C. Dep't of Revenue*, 353 S.C. 1, 23 n.14, 577 S.E.2d 190, 201 n.14 (2003) (rejecting the plaintiff's request to adopt the juridical links doctrine); *see generally Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp. 2d 805, 822 (W.D. La. 2003) (explaining the "juridical links doctrine has no bearing on the issue of standing [and i]nstead, it provides an exception to the Rule 23(a) requirement of 'typicality' and/or 'adequacy of representation' in class actions against multiple defendants").

A plaintiff cannot maintain a class action where the record indicates he was not directly harmed by the defendant's actions. *Edisto Fleets, Inc. v. S.C. Tax Comm'n*, 256 S.C. 350, 353-54, 182 S.E.2d 713, 714 (1971). Because we determined Chappell was not directly harmed by any Respondents in our discussion of standing, we find the circuit court did not err in granting Respondents' motions for summary judgment while the class action status was pending.

## IV. SCPWA

Appellant argues the circuit court erred in granting summary judgment because the Franchising Respondents were employers liable under the SCPWA. We disagree.

In its order granting the Franchising Respondents' motion for summary judgment, the circuit court held it was "elementary" that Chappell could not sue a business under the SCPWA unless he had worked for the business. The court noted "an employee may only recover for unpaid wages from his own employer, as there can be no unpaid wages due from a person or entity for whom one has provided no labor or services."

"[T]he purpose of the [SCPWA] is 'to protect employees from the unjustified and willful retention of wages by the employer.'" *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 317, 698 S.E.2d 773, 782 (2010) (quoting *Rice v. Multimedia, Inc.*, 318 S.C. 95, 98, 456 S.E.2d 381, 383 (1995)). The SCPWA permits an employee to recover three times the amount of unpaid wages, plus fees, against an employer. S.C. Code Ann. § 41-10-80(C) (2021). In *Williams v. South Carolina Department of Corrections*, 372 S.C. 255, 258, 641 S.E.2d 885, 887 (2007), our supreme court stated the general four-part test[8] to determine whether an employer-employee relationship exists is not determinative of employment status in the context of the SCPWA. The court stated, "This Act, by its very title, is concerned specifically with the *payment* of wages and is directed to the entity responsible for such payment." *Id.* (emphasis in original).

Appellant argues the Franchising Respondents are liable under the SCPWA because they had an agency relationship with the Ladles Soups operating companies and franchisees. Appellant states the circuit court's order found no agency relationship existed between the Franchising Respondents and the other

---

[8] The general four-part test to determine the existence of an employer/employee relationship consists of "(1) the right to, or exercise of, control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire." *Id.*

Ladles Soups franchisees because of a paragraph in the Ladles Soups Franchise Agreement that purports to make the parties independent contractors. However, Appellant argues that in *Fernander v. Thigpen*, 278 S.C. 140, 144, 293 S.E.2d 424, 427 (1982), our supreme court found sufficient evidence in the record to create a jury issue as to whether an agency relationship existed between a restaurant franchisee and franchisor where the franchise agreement showed that the franchisor retained the right to control the detailed operation of the enterprise. Appellant asserts the Franchise Agreement in this case gave the Franchising Respondents extensive rights to "direct or supervise the daily affairs" of the franchisees, including the power to bind them with agreements between third parties as indicated by the section pertaining to the marketing fund. Further, Appellant argues the Franchising Respondents had knowledge of the policy of withholding credit card tips; had the power to stop the policy; and knowingly permitted the franchisees to wrongfully withhold credit card tips by participating in the decision to do so and benefiting from the policy. Therefore, Appellant claims there was sufficient evidence in the record to create a jury issue as to whether an agency relationship existed between the Franchising Respondents and the franchisees.

The Franchise Agreement is devoid of any reference to the franchisees' compensation policies. Teri Owens, the owner of Ladles Soups James Island, which was Chappell's employer, testified in her deposition that her restaurant operates as an independent contractor separate and apart from the Franchising Respondents; the Franchising Respondents had no authority to set Ladles Soups James Island's compensation policy; and the Franchising Respondents did not have a policy for how to handle credit card or cash tips. Corey Paul, another franchise owner, testified in his deposition that the Franchise Agreement did not direct owners how to compensate employees and there was no policy on how to handle credit card or cash tips. Julie Dyke, owner of Ladlessoups Mount Pleasant, also testified in her deposition that there was no franchise-wide policy about handling credit card tips. Even if all franchises had a policy of withholding tips, we find no evidence an agency relationship existed that changed the relationship of Chappell to employee-employer with any of Respondents. Therefore, we find the circuit court did not err in granting summary judgment to Respondents on Chappell's SCPWA claim because none of Respondents were Chappell's employers. *See Williams*, 372 S.C. at 258, 641 S.E.2d at 887 (finding the SCPWA "is concerned specifically with the *payment* of wages and is directed to the entity responsible for such payment").

## V. Jury Question

Appellant argues the circuit court erred in not finding an issue of triable fact for the jury regarding the tipping policies of the Mount Pleasant Respondents and the Franchising Respondents.  We disagree.

"In reviewing the grant of summary judgment, [an appellate c]ourt applies the same standard that governs the trial court under Rule 56, SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Pittman v. Grand Strand Ent., Inc.*, 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005).  "In determining whether any triable issue of fact exists, the evidence and all inferences that can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Singleton v. Sherer*, 377 S.C. 185, 196, 659 S.E.2d 196, 202 (Ct. App. 2008).  "If triable issues exist, those issues must go to the jury." *Id.* "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 197, 659 S.E.2d at 202.

As to the Mount Pleasant Respondents, Appellant does not cite any case law for this argument; therefore, the issue is deemed abandoned.  *See* Rule 208(b)(1)(E), SCACR (requiring citation to authority in the argument section of an appellant's brief); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument consists of mere allegations, the party is deemed to have abandoned the issue on appeal).

As to the Franchising Respondents, Appellant asserts the circuit court erred in granting summary judgment because there was a genuine issue of material fact as to whether Respondents came into possession of credit card tips claimed by Appellant through their royalty fees from Ladles Soups franchisees, including Ladles Soups James Island.  We disagree.  For even a percentage of the tips claimed by Appellant to have come into the Franchising Respondents' possession, they would have to have been first collected by Chappell's employer, Ladles Soups James Island, who would have then had to have paid a portion of the tips to Ladles Franchising, Inc.  Teri Owens, the owner of Ladles Soups James Island, testified in her deposition that she did not pay a percentage of the tips to the franchise and Chappell has not provided a scintilla of evidence to the contrary.  *Bass v. Gopal, Inc.*, 384 S.C. 238, 246 n.6, 250, 680 S.E.2d 917, 921 n.6, 923 (Ct. App. 2009), *aff'd*, 395 S.C. 129, 716 S.E.2d 910 (2011) (affirming the grant of summary judgment and noting the party opposing summary judgment failed to provide even

a scintilla of evidence to withstand summary judgment). Viewing the evidence and its reasonable inferences in the light most favorable to Appellant, we find the evidence as a whole is susceptible of only one reasonable inference—that the Franchising Respondents never came into possession of Chappell's credit card tips. Thus, no jury issue existed and the circuit court did not err in granting summary judgment to the Franchising Respondents.

## VI.    Requests for Admissions

Appellant argues the circuit court erred in failing to deem admitted certain requests for admission by the Charleston Respondents. We disagree.

"[A]n unappealed ruling, right or wrong, is the law of the case." *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012). Appellant's argument arises from the circuit court's order of January 7, 2020, denying his motion to deem the requests admitted. However, Appellant's notice of appeal states the only orders on appeal are the circuit court's February 11, 2020 order granting summary judgment and the February 25, 2020 order denying reconsideration. Appellant's failure to appeal the January 7, 2020 order prohibits review by this court, and the issue concerning the denial of Appellant's requests for admissions is the law of the case.

## CONCLUSION

Accordingly, the orders on appeal are

**AFFIRMED.**

**THOMAS, MCDONALD and HEWITT, JJ., concur.**